## POWERS, APPELLANT, v. KLENZIE ET AL., RESPONDENTS.

[Submitted January 10, 1895. Decided January 14, 1895.]

NONSUIT—*Verdict directed for defendant.*—When at the close of all the testimony on behalf of both plaintiff and defendant the court directs the jury to find a verdict in favor of the defendant, which is accordingly done, this is in effect a judgment of nonsuit. (*McKay* v. *Railway Co.*, 13 Mont. 15; *Creek* v. *McManus*, 13 Mont. 152; *Mayer* v. *Carothers*, 14 Mont. 274, cited.)

SAME—*Conversion—Insufficient evidence to sustain action for.*—In an action for the conversion of cattle it appeared that the owner of a number of heifers leased them for five years to the plaintiff, the increase to be divided between the parties. The plaintiff, being in possession of the cattle under this con-

tract, wrote the owner that she must either take eleven dollars per head, or take the cattle, as he could not winter them.  She was willing to accept the first alternative, and gave him reasonable notice thereof, and waited a reasonable time for him to close the sale, but he did nothing towards such conclusion.  The husband of the owner, as her agent, then took the cattle and sold them.  *Held,* there was no conversion of the property, and that the jury were properly directed to find a verdict for the defendants.

*Appeal from Eighth Judicial District, Cascade County.*

ACTION for conversion.   The cause was tried before BEN-TON, J., and the defendants had judgment.   Affirmed.

*Donovan & Lyter,* for Appellant.

*Cooper & Piggott,* for Respondents.

DE WITT, J.—This is an appeal from a judgment rendered in favor of the defendants.  The complaint alleges that on December 4, 1890, the defendants Klenzie and McInheny converted one hundred and six cows and twenty-nine calves, the right of possession of which was in plaintiff, and sold the same to the other defendant, Okerman.   The defendants denied the conversion, and relied in defense upon the following facts: That on July 11, 1889, plaintiff and one J. M. McLain, of Fergus Falls, Minnesota, made a contract by which McLain leased to the plaintiff, Powers, one hundred and sixty-five heifers for five years.   The contract was pleaded in full.   It provided, in detail, for the care of the stock and its increase by Powers, and the division of the proceeds between Powers and McLain. The answer further sets forth the death of McLain, and the appointment in Minnesota of his wife, Margaret, as administratrix.   It appears that she had afterwards married the defendant Klenzie, and he had acted as her agent in the matter of the cattle.   The answer pleaded various breaches by Powers of the Powers-McLain contract; and also "that said plaintiff asked Mrs. J. M. McLain to be relieved from all obligations under the above-mentioned contract, and of all care of the cattle mentioned therein, all of which cattle and stock are the same as mentioned in the complaint herein; that in compliance with said request said H. G. Klenzie took said cattle described in the complaint, and afterwards, to wit, on the fourth day of

December, 1890, sold and delivered the same to the said defendant Okerman." On the trial testimony was heard on behalf of both plaintiff and defendants. At the close of all the testimony the court directed the jury to find a verdict in favor of the defendants. This was accordingly done, and judgment entered. This was in the nature of a nonsuit. (*McKay* v. *Montana Union Ry. Co.*, 13 Mont. 15; *Creek* v. *McManus*, 13 Mont. 152; *Mayer* v. *Carothers*, 14 Mont. 274.). If, therefore, the evidence of plaintiff (or his evidence aided by that of defendants, if such aid be found) tended to prove that plaintiff was entitled to the possession of the property at the commencement of the action, the direction of the court to find for defendants was error, and the judgment must be reversed. (Cases last *supra*.)

The plaintiff, Powers, being in possession of the cattle under the contract above mentioned, wrote to Mrs. McLain, who had then become Mrs. Klenzie, the following letter:

"Neihart, Sept. 25, '89.

" *Mrs. J. McLain, Fergus Falls, Minn.*,

"Dear Madam: You promised to write to me, and, as you did not, I take the liberty to write to you about the cattle. You have got to do one thing or another—take my offer of eleven dollars a head, or come and take the cattle, and pay me for my trouble. All the calves and cows are poor. There was eighteen inches of snow fell on the 5th, and it is not all gone off yet. I have not got enough of hay to feed the calves alone the cows this winter. I want you to write, and let me know what you are going to do at once. If I could get the cattle inside of three weeks, I can butcher them, and get my money back; if I cannot get them inside of that time, I do not want them at all, because after that the cattle will start to get poor. You will not let me move them. There is no feed on their old range, and they will all die this winter.

"Yours respectfully,

"Michael Powers."

Shortly after receiving this letter Mrs. Klenzie came to Neihart with her husband, Klenzie, the defendant herein, and saw Powers. Mrs. Klenzie offered Powers the cattle for eleven dollars per head. Powers testified as to this: "I did not have

the money to buy them, but said if I could raise the money I might give that for them. I made no effort to raise the money." Mrs. Klenzie then waited for some two or three weeks, and Powers had done nothing towards taking the stock at the price mentioned, or under any other conditions. The season had then reached the 4th of December. Powers had told her that he had no hay to winter either the cows or the calves. She then, by her husband and agent, rounded up the cattle, and sold and delivered them to the defendant Okerman. This action is brought by Powers against Mrs. Klenzie's husband and the herder and Okerman.

There was much testimony upon the trial as to the care, or lack of care, of the stock, and much other matter that is not now here material.

The above recited facts appear clearly and unquestioned. We are of opinion that they conclusively show that, after Mrs. Klenzie had taken and sold the stock to Okerman, plaintiff had no right of possession in them. He had peremptorily told Mrs. Klenzie, by letter, that she must take his offer of eleven dollars per head, or she must come and take the cattle, as he could not winter them. She was willing to accept his offer of eleven dollars, and gave him seasonable notice of her disposition in this respect, and a reasonable time for him to consummate that proposition. He did not even make an effort to conclude that trade. Then, the winter being at hand, and Powers' proposition not being withdrawn, Mrs. Klenzie acted upon the other alternative presented by Powers' letter, and took the cattle. That certainly terminated Powers' right of possession, and he should not be allowed to maintain his action for conversion, as was correctly held by the district court.

There may be some questions left between Mrs. Klenzie and Powers as to a settlement of accounts under the contract. Powers made some claims for services in regard to the cattle, and Mrs. Klenzie made claims as to loss of part of the cattle. But those matters have not to do with the question of right of possession, as settled by the dealings of the parties, commencing with Powers' letter, and ending by Mrs. Klenzie taking possession of the stock.

Appellant's counsel also raise some questions as to Mrs. Klenzie being a foreign administratrix, and not having taken out in this state ancillary letters of administration. But that question was never raised between the parties. Powers always dealt with Mrs. Klenzie as being the owner of the stock. He made his propositions to her as such, and recognized her as the owner in every transaction in regard to the cattle. It is our opinion that the judgment of the district court should be affirmed, and it is so ordered.

*Affirmed.*

Pemberton, C. J., and Hunt, J., concurred.