Dower Unemployment Compensation Case.

Argued March 15, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

No one appeared or filed a brief for appellant.

*William L. Hammond,* Special Deputy Attorney General, with him *Herbert B. Cohen,* Attorney General, for appellee.

OPINION BY ERVIN, J., July 21, 1955:

This is an appeal from the decision of the Unemployment Compensation Board of Review denying benefits on the ground that claimant was disqualified to receive unemployment compensation benefits for the weeks involved because of his refusal, without good cause, to accept suitable work. Claimant was found

ineligible to receive benefits for the claim weeks following his refusal to accept offered employment.

There is no substantial dispute about the facts. William F. Dower, the claimant, is 27 years of age and resides with his wife and two children in Mahanoy Plane, Pennsylvania. Claimant was last employed at the Parish Pressed Steel Company in Reading, Pennsylvania, as a press operator's helper at an hourly wage of $1.48 for a period of six months in 1953. While employed in Reading, which is approximately 45 miles from his home in Mahanoy Plane, claimant drove his own automobile to and from work. Claimant's last day of work was August 25, 1953 when he was laid off because of lack of work. On December 29, 1953 a letter was sent to the claimant by the Parish Pressed Steel Company, requesting claimant to report for work on Monday, January 4, 1954, at 11:00 p.m. in Department 61. The claimant received the letter, but did not report for work as requested. Claimant alleged that he sent a post card to the employer stating that he was unable to obtain transportation and requesting information as to how he could obtain a ride, but did not receive any reply from the employer.

The claimant filed a valid application for benefits on November 20, 1953. Thereafter he filed a waiting week claim for the week ending November 26, 1953, and continued claims for the weeks ending January 7, 14 and 21, 1954. On January 29, 1954 the bureau issued a decision allowing the claims filed for the weeks ending January 7, 14 and 21, 1954 on the ground the claimant had good cause for failure to report for scheduled work. The employer appealed, and after a hearing, the referee reversed the bureau and denied benefits on the ground that claimant was not generally available for work because he had to care for his two children and keep house while his wife was em-

ployed. Claimant appealed, and the board, after further hearing, issued a decision in which it modified and affirmed the referee's decision and denied benefits under §402(a), on the ground that claimant did not make reasonable efforts to solve his transportation difficulties.

Section 402(a) of the Unemployment Compensation Law of 1936, as amended, 43 PS §802(a), provides: "An employe shall be ineligible for compensation for any week—(a) In which his unemployment is due to failure, without good cause . . ., to accept suitable work when offered to him . . . by any employer: . . . ."

The employment offered claimant by Parish Pressed Steel Company, his previous employer, was clearly within the category of suitable work which is defined in §4(t) of the Law, 43 PS §753, as follows: " 'Suitable Work' means all work which the employe is capable of performing. In determining whether or not any work is suitable for an individual, the department shall consider the degree of risk involved to his health, safety and morals, his physical fitness, prior training and experience, and the distance of the available work from his residence. The department shall also consider among other factors the length of time he has been unemployed and the reasons therefor, the prospect of obtaining local work in his customary occupation, his previous earnings, the prevailing condition of the labor market generally and particularly in his usual trade or occupation, prevailing wage rates in his usual trade or occupation, and the permanency of his residence." The claimant obviously would have been capable of performing the work since it was the same type of work he performed for the employer during his last period of employment, and there is no evidence to indicate the wages, hours, or other conditions

were any different from those which had been in existence during his prior employment at the Parish Pressed Steel Company. Moreover, the claimant had been out of work for over four months at the time of his recall and there was practically no prospect of any employment for him in the area where he resided because it was predominantly a mining community and he had never done that kind of work. Furthermore, there were over 900 miners out of work in that area at the time claimant was recalled, which further lessened his chances of obtaining any work in the vicinity of his residence. Under these circumstances it was not arbitrary or unreasonable to require claimant to accept work outside of his home town, with an employer for whom he had previously worked for approximately six months, during which time there had apparently been no real problem in obtaining transportation to and from work despite the distance of 45 miles between the residence of claimant and his place of employment.

As stated by President Judge RHODES in *Sweeney Unemployment Compensation Case,* 177 Pa. Superior Ct. 243, 247, 248, 110 A. 2d 843: " 'Good cause' and 'suitable work' represent distinct concepts, and in determining eligibility they must be considered separately. Barclay White Company v. Unemployment Compensation Board of Review, supra, 356 Pa. 43, 50 A. 2d 336. The reasons for refusal of offered work must be substantial and reasonable, not arbitrary, whimsical, capricious or immaterial. Suska Unemployment Compensation Case, 166 Pa. Superior Ct. 293, 70 A. 2d 397." In the instant case the sole reason for the refusal of the offered employment by the claimant was the alleged lack of transportation facilities from the residence of claimant in Mahanoy Plane to Reading, the place of employment. However, the

claimant made no real effort to ascertain if there were any means of transportation available which would enable him to accept the recall to his former job. Upon receipt of the letter recalling him to work claimant testified he asked three or four persons about the possibilities of obtaining a ride with them to Reading for third shift work. Failing to obtain any rides he claimed he then mailed a post card to the employer stating he had no means of transportation and requesting information as to how he could obtain a ride to work. Donald L. Smith, the employer's representative, testified that the company never received this post card from the claimant. He further testified that if the company had received such a card they would have written the claimant a letter or tried to contact him by telephone before his name was removed from the payroll, the same as they had done in several other such cases, as the company makes a practice of arranging rides for its employes and aiding them in acquiring transportation to work by posting notices on the bulletin board in the employment office from time to time, showing what rides are available and with whom. Mr. Smith further testified that there were many people driving to Reading at that time from Shenandoah, Maizeville, Gilberton and even from Ashland, who could have picked claimant up, and there were others driving from Frackville who would have been able to pick him up if he could obtain transportation to Frackville, which is about 41 miles from Reading and about two miles from claimant's home in Mahanoy Plane. However, the claimant made no further effort to contact the employer, either in person, by telephone, or by mail. Claimant also knew that the employer had a transportation pool for its workers but made no effort to utilize this service. Claimant was aware there was bus transportation to Reading

but made no effort to ascertain the schedule or the cost of such transportation. In addition, he owned an automobile which he had used during his last period of employment at the Parish Pressed Steel Company, and though he maintains it is unfit to drive he admittedly still uses the automobile. It is thus readily apparent that if the claimant had been genuinely desirous of resuming his employment he could have obtained the necessary transportation to do so. His conduct is clearly not consistent with a genuine desire to work and indicates a lack of good faith on his part in seeking employment. Pertinent and applicable here is the following statement in *Weiland Unemployment Compensation Case,* 167 Pa. Superior Ct. 554, 557, 76 A. 2d 457: "A claimant who refuses to accept suitable work without good cause is ineligible to receive compensation. Unemployment Compensation Law of December 5, 1936, P. L. 2897, §402, 43 PS §802, as amended. As we said in Brilhart Unemployment Compensation Case, 159 Pa. Superior Ct. 567, 569, 49 A. 2d 260: 'There can be no good cause which does not rest in good faith. Good faith, in this context, embraces not only the merely negative virtue of freedom from fraud but also positive conduct which is consistent with a genuine desire to work and to be self-supporting.' Certainly claimant's passive attitude was indicative of want of good faith. See Haug Unemployment Compensation Case, 162 Pa. Superior Ct. 1, 56 A. 2d 396."

Decision is affirmed.