## Davidson Unemployment Compensation Case.

Argued April 17, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Viola Daisy Davidson,* in propria persona, with her *E. C. Sloan,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Thomas D. McBride,* Attorney General, for appellee.

OPINION BY ERVIN, J., June 11, 1958:

In this unemployment compensation case the claimant-appellant, Viola Daisy Davidson, was employed as a chambermaid on a boat by the United States Steel Corporation, Clairton, Pennsylvania. She voluntarily terminated her employment because her daughter was no longer able to provide transportation for her, the daughter having secured employment which prevented her from driving the claimant from her home, located near West Brownsville, Pennsylvania, to Clairton, a distance of 30 miles. On August 7, 1957 the bureau found her eligible for compensation. The employer appealed. On September 23, 1957 the referee found her

eligible for compensation. The employer appealed. On October 9, 1957 the board remanded the case to the referee for further hearing. On November 1, 1957 the referee held the hearing, at which witnesses for the claimant and employer appeared and testified. Thereafter the referee returned the record, including the additional testimony, to the board for its findings and decision. On November 20, 1957 the board found claimant eligible for compensation. On December 18, 1957 the board made the following order: "AND NOW, DEC. 18, 1957, the employer having requested a further review of the subject case, and it appearing to the Board of Review that such request is proper and reconsideration is warranted, the Board hereby makes the following: SUPPLEMENTAL ORDER The decision of the Board of Review dated November 20, 1957 is vacated and reconsideration to the case will be given without further argument or hearing thereon." On January 21, 1958 the board, without further hearing or argument, found claimant ineligible for compensation. The claimant then took the present appeal.

Claimant argues, inter alia, that the board erred "in finding claimant ineligible without further hearing or argument." The hearing before the referee to take additional testimony, even though he did so as an agent of the board, did not afford the claimant the opportunity of a hearing before the board. The referee always acts as an agent or representative of the board. It is clear that the claimant was never afforded an opportunity for a hearing before the board. "When any claim pending before a referee is removed or transferred to the board, the board shall afford the parties and the department reasonable opportunity for a fair hearing." Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, art. V, §504; Act of April 23, 1942, Ex. Sess., P. L. 60, §5; Act of September 29, 1951, P. L.

1580, §17, 43 PS §824. It is true that in *Flynn Unemployment Compensation Case,* 174 Pa. Superior Ct. 71, 73, 98 A. 2d 490, we said: "Appellant contends that the Board had no power to revise the referee's findings of fact, in the absence of a hearing before the Board itself, unless the referee's findings are unsupported by competent, credible evidence. Appellant is under a misconception as to the Board's power. 'The law now is that the board, when an appeal has been taken to it, may disregard the findings of fact of the referee and may make or substitute its own findings, without taking additional testimony.' Bronkowski v. Colonial Colliery Company, 153 Pa. Superior Ct. 574, 576, 34 A. 2d 837; Kenny v. Esslinger's Brewery, 161 Pa. Superior Ct. 451, 55 A. 2d 554." An examination of the two cases referred to in the above quotation will reveal that they were under The Workmen's Compensation Law and they are not controlling in unemployment compensation cases. The legislature, by the use of the above language in the Unemployment Compensation Act, clearly intended that an "opportunity for a fair hearing" should be afforded to the parties whenever any claim is removed or transferred from the referee to the board. The board may exercise a proper discretion in determining whether additional testimony is needed but it must afford the parties an opportunity to be heard on every appeal. To decide otherwise would be contrary to the plain language of the act.

Case remanded to the board for further hearing, in accordance with this opinion.