## Davidson Unemployment Compensation Case.

544

Argued April 15, 1959. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Eugene Charles Sloan,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for appellee.

Opinion by Rhodes, P. J., June 10, 1959:

This is claimant's second appeal from a decision of the Unemployment Compensation Board of Review denying her benefits under section 402(b) of the Unemployment Compensation Law, 43 PS §802(b). On the prior appeal the record was remanded to the board for further hearing. *Davidson Unemployment Compensation Case*, 186 Pa. Superior Ct. 290, 293, 142 A. 2d 459. The board referred the case to a referee for the purpose of taking additional testimony. Thereafter it vacated its prior decision and filed a new decision, again denying benefits to claimant. This appeal followed.

Claimant contends that the findings and conclusion of the board are arbitrary, capricious, and contrary to the evidence, and that the board did not afford her an opportunity to be heard.

Admittedly, where the decision of the board is against the party upon whom rests the burden of proof, the question on appellate review is whether the findings of the board are consistent with each other and with its conclusion of law and its order, and can be sustained without a capricious disregard of the competent evidence. *Hogan Unemployment Compensation Case*, 169 Pa. Superior Ct. 554, 559, 83 A. 2d 386.

Claimant was last employed by the United States Steel Corporation at Clairton, Pennsylvania, as a chambermaid on a river boat, her last day of work being April 19, 1957. In performing her work claimant remained on a boat for ten days at a time after which she was relieved for a five-day period. She was compensated $20 a day for her services. Claimant lived at Malden, Centerville Borough, which was approximately thirty miles from her place of employment at Clairton. Claimant depended upon her daughter to drive her to work until her daughter became employed, on January 6, 1957, and was thus unable to furnish this transporta-

tion to claimant. From then until she terminated her employment in April claimant apparently rode to work with other persons. Claimant had previously been on the "extra board" which may have made her employment irregular at times, but by the time she quit she was entitled by reason of seniority to work a regular schedule of ten days on and five days off. She reached this regular schedule two "hitches" before April 19th, the last day she worked.

It was the practice of the employer that on the fifth day off the employes such as claimant would call around 9 a.m. to receive orders as to which boat and at what time they were to report, which was usually around 1 p.m.

The board found that claimant quit her employment because her daughter was no longer able to drive her to work, and further that adequate public transportation was available between claimant's home and her place of employment. In concluding the claimant was not eligible for compensation the board stated: "Claimant's job was such that she was only required to report to work twice a month since she performed her services on a boat for ten consecutive days at a time after which she was off for a period of five days. Adequate public transportation was available from claimant's home to her place of employment. . . . The claimant failed to take reasonable steps to maintain the employer-employee relationship." The decision of the board will be affirmed.

The alleged inconvenience of the available transportation between claimant's home and her place of employment did not constitute cause of a necessitous and compelling nature for leaving her work, in view of the fact that this travel was required of her no more than twice in a month. See *Hanna Unemployment Compensation Case*, 172 Pa. Superior Ct. 417, 422, 94

A. 2d 178; *Dower Unemployment Compensation Case,* 179 Pa. Superior Ct. 201, 115 A. 2d 878.[1]

Claimant testified that there was bus service from her home in Malden to Brownsville, then from Brownsville to California, from California to Charleroi, and then to Clairton. In addition, claimant testified that there was taxi service from Brownsville to Clairton; she admitted that she had not thought of using it. Claimant stated that the bus service from Malden to Brownsville was unsatisfactory because there were only two buses in the morning, one at 8:07 a.m., which was prior to the time that she had to call her employer at 9 a.m., and one at 11 a.m. Apparently the only difficulty in the transportation system was in the first two or three miles from her home in Malden to Brownsville. From Brownsville there was bus service and taxi service which claimant stated she would have used had she thought of it. Since claimant was required to use transportation only twice a month it would not seem unreasonable, under the circumstances, that on those two days she take the 8:07 a.m. bus from Malden to Brownsville from which she could place her call to her employer to determine the time that she was to report for duty. Moreover, claimant evidenced no objection to using taxicab service from Brownsville to Clairton. It would appear that even the 11 a.m. bus from Malden

---

[1] In *Hanna Unemployment Compensation Case,* 172 Pa. Superior Ct. 417, 422, 424, 94 A. 2d 178, 180, 181, Judge RENO aptly observed:

"We know, as all men know, that many workers in many places are compelled to travel many miles from their homes to their work, a time consuming process. Men and women live and work on the economic terms imposed by their chosen environments. . . . willingness to work imports a sincere desire for work that will overcome the surmountable obstacles which workers everywhere encounter."

to Brownsville would not be too late to reach Clairton by 1 p.m. The evidence supports the conclusion of the board that the circumstances do not demonstrate a cause of a necessitous and compelling nature for terminating her employment. Claimant's transportation obstacles were not insurmountable or of any great inconvenience when considered in the light of the infrequency of her necessity to travel.

Claimant also contends that the board erred in deciding the case on remand without affording her an opportunity to be heard before the board. As we have indicated, when the case was remanded to the board by this Court the board referred the matter to a referee for the taking of additional testimony and thereafter reached the decision which is now appealed.

On the previous appeal we said that under the statute the board was required to afford the parties an opportunity for a fair hearing when any claim was removed or transferred from the referee to the board. *Davidson Unemployment Compensation Case,* supra, 186 Pa. Superior Ct. 290, 293, 142 A. 2d 459.

Notice and an opportunity to be heard on the issues is required, although it is not always necessary that additional testimony be taken before the board. *Kracoski v. Bernice White Ash Coal Co., Inc.,* 183 Pa. Superior Ct. 155, 163, 130 A. 2d 190.[2]

The record shows that claimant was afforded the procedural due process required by our law. She was

---

[2] See *Pennsylvania State Athletic Commission v. Bratton,* 177 Pa. Superior Ct. 598, 604, 112 A. 2d 422, 425:

" '. . . adjudicatory action cannot be validly taken by any tribunal, whether judicial or administrative, except upon a hearing wherein each party shall have opportunity to know of the claims of his opponent, to hear the evidence introduced against him, to cross-examine witnesses, to introduce evidence in his own behalf, and to make argument.' "

afforded and exercised the opportunity of a hearing before the referee on appeal from the bureau; she was afforded and exercised the opportunity of a hearing on the first remand from the board; and upon remand from this Court she was afforded and exercised the opportunity of an additional hearing before a hearing officer of the board. "Procedural due process does not require a hearing at any particular point or at more than one point in an administrative proceeding so long as the requisite hearing is held before the final order becomes effective. . . . Neither procedural due process nor the Unemployment Compensation Law requires a hearing before the referee in every instance. In unemployment compensation proceedings, as in proceedings under the Workmen's Compensation Law, a closely related field of administrative law . . ., referees are, in effect, merely representatives or agents of the board, which is the ultimate fact-finding body . . ." *Franke Unemployment Compensation Case*, 166 Pa. Superior Ct. 251, 259, 70 A. 2d 461, 465.

The various hearings before the referee initially, and on remand to take additional testimony as an agent of the board were certainly a compliance with the due process requirements relative to the presentation of evidence. The board may properly utilize its official staff facilities in affording the claimant the opportunity to present evidence. The board of course may conduct its own hearings, and the due process requirements do not prevent it from utilizing a hearing examiner for the conduct of such hearings.

The question of the opportunity to be heard on the issues by way of argument presents a different problem. The board is the ultimate fact-finding tribunal, and, as we have seen, the opportunity to make argument on the issues before that body is required. *Unora v. Glen Alden Coal Company*, 377 Pa. 7, 11, 104 A. 2d 104;

*Pennsylvania State Athletic Commission v. Bratton,*
177 Pa. Superior Ct. 598, 604, 112 A. 2d 422; *Kracoski
v. Bernice White Ash Coal Co., Inc.,* supra, 183 Pa.
Superior Ct. 155, 163, 130 A. 2d 190. In our judgment,
however, the opportunity to be heard by the board does
not necessitate the automatic listing of every case for
argument. Considering the great volume of appeals
coming before the board each year, it would be burden-
some and impractical to automatically schedule each
for argument. The resulting delays would be unwar-
ranted and without justification. Due process requires
the opportunity to be heard; we believe that this is
satisfied when argument is granted upon request. There
is nothing appearing in this record to show that claim-
ant requested and was refused the opportunity to be
heard before the board. If claimant had asked for an
argument and had been refused, she might have some
basis for complaint. In the absence of such request,
we cannot say that the opportunity was denied her.

The decision is affirmed.