## Smith, Appellant, v. Pennsylvania Public Utility Commission.

425

Argued March 14, 1960. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.

*H. Ray Pope, Jr.,* with him *Pope and Alexander,* for appellant.

*Daniel F. Joella,* Assistant Counsel, with him *Joseph F. McCloskey,* Assistant Counsel, and *Thomas M. Kerrigan,* Counsel, for Pennsylvania Public Utility Commission, appellee.

*Heath L. Allen,* with him *Charles E. Thomas,* and *Hull, Leiby and Metzger,* for protestant, intervening appellee.

*Christian V. Graf,* for protestant, intervening appellee.

OPINION BY RHODES, P. J., June 15, 1960:

This is an appeal by Claude Smith, a certificated carrier, from an order of the Pennsylvania Public Utility Commission denying his application for additional transportation authority and ordering him to cease and desist from the transportation of property except as previously authorized. Appellant contends on this appeal that the commission violated appellant's constitutional rights, or committed errors of law in giving consideration to an alleged commission staff report without affording appellant an opportunity to examine the report, and in issuing a cease and desist order without prior specific notice to appellant. Factual or evidentiary questions are not raised.

On October 7, 1957, appellant applied for additional rights as a common carrier by motor vehicle. Protests were filed by other carriers and hearings on the application extended over eight days. Appellant and several of the protestants filed briefs. On April 27, 1959, the commission issued a short form order refusing the application and ordering appellant to cease and desist from the transportation of property except as he had been previously authorized. On May 11, 1959, appellant filed a petition for reopening, further hearing, reconsideration, and modification of the order of April 27, 1959, which petition the commission denied on June 8, 1959. The petition to reopen averred, inter alia, that the commission based its order refusing the application in whole or in part upon consideration of a written report prepared by the commission staff. It was alleged that none of the members of the staff was present at any of the hearings, and that the commission's consideration of this report violated due process of law since the report, the review of the evidence, and the recommendations were not made available to appellant or his counsel. The staff report was not made a matter of record.

On July 6, 1959, appellant appealed to this Court, whereupon the commission petitioned for remission of the record for further study and consideration, to make specific findings in sufficient detail to determine the controverted questions involved, and to make an order based thereon in lieu of the previous short form order. The record was remanded and on August 17, 1959, the commission filed its long form order. In its long form order the commission analyzed and discussed the testimony presented on the merits of the application, and concluded that the existing certificated carriers were able to render the service sought by applicant. Hence, the commission determined that the additional rights were not necessary or proper for the service, accommodation, or convenience of the public.

Appellant has not raised any evidentiary questions; nor has he indicated in what manner, if any, the commission's discussion of the evidence and its findings are not in accord with the record. Moreover, he does not demonstrate in what manner, if any, the consideration of a staff report prejudiced his application. In the absence of any showing of such error or prejudice, the constitutional question involving utilization of a staff report normally should not be considered on appeal. *Market Street Railway Company v. Railroad Commission,* 324 U.S. 548, 65 S. Ct. 770, 89 L. Ed. 1171, 1182; *Perrin's Appeal,* 305 Pa. 42, 52, 53, 156 A. 305. " 'No one is entitled to be heard on a constitutional point which does not prejudicially affect him in the case under review': Com. v. Alderman, 275 Pa. 483, 487 [119 A. 551, 553]." *Boocks's Petition,* 303 Pa. 363, 366, 367, 154 A. 710.

Our opinion could be terminated at this point. However, because of the importance of the matter we shall discuss the merits.

Appellant's argument is that the denial of access to the staff report deprived him of notice of the issues considered by the commission and of the opportunity of a full hearing before that body prior to its decision, contrary to the fundamentals of due process.

The commission, as an administrative body, is bound by the due process provisions of constitutional law and by the principles of common fairness. *Bridgewater Borough v. Pennsylvania Public Utility Commission,* 181 Pa. Superior Ct. 84, 101, 124 A. 2d 165; *McCormick v. Pennsylvania Public Utility Commission,* 151 Pa. Superior Ct. 196, 201, 30 A. 2d 327. Among the requirements of due process are notice and an opportunity to be heard on the issues, to be apprised of the evidence submitted, to cross-examine witnesses, to inspect documents, and to offer evidence in explanation or rebuttal. *Shenandoah Suburban Bus Lines, Inc., Case,* 158 Pa. Superior Ct. 638, 644, 46 A. 2d 26; *Davidson Unemployment Compensation Case,* 189 Pa. Superior Ct. 543, 548, 151 A. 2d 870. Appellant in his application proceeding was afforded the opportunity of a hearing before a commission examiner. This procedure is permitted by the Public Utility Law and is in accord with the requirements of due process. Section 7 of the Act of March 31, 1937, P.L. 160, 66 PS §458; section 1004 of the Public Utility Law, 66 PS §1394. See *Davidson Unemployment Compensation Case,* supra, 189 Pa. Superior Ct. 543, 548, 151 A. 2d 870.

At the close of the hearings the applicant-appellant and the protesting carriers availed themselves of the opportunity to file briefs with the commission. See Rule 47 of the Rules of Practice of the Pennsylvania Public Utility Commission.

Due process also requires the opportunity to argue the case before the deciding tribunal.[1] While there

is no oral argument as a matter of course in every proceeding, Rule 49 of the commission provides that the parties may request it. Appellant apparently made no such request after the close of the testimony. In the absence of a request, it cannot be said that appellant was denied due process in not being heard by the commission itself. See *Davidson Unemployment Compensation Case,* supra, 189 Pa. Superior Ct. 543, 549, 550, 151 A. 2d 870.

From the inception of this proceeding to its culmination in the order of the commission refusing the application, appellant was granted the basic rudiments of due process with regard to the opportunity to be heard and to fully present his case. The final order of the commission is in conformity with the law. Appellant had the further opportunity to demonstrate on appeal the instances in which the commission's action, represented by its order, was improper or departed from the testimony of record. That the commission may have given consideration to a staff report in its decisional process does not, in itself, overcome the presumption that the commission considered the testimony of record and all of the controverted points in its deliberation of the case. *Solar Electric Company v. Public Service Commission,* 88 Pa. Superior Ct. 495, 499; *Willapoint Oysters, Inc. v. Ewing,* 174 F. 2d 676, 696. Because of the volume of work before the commission, it must necessarily rely upon its official staff facilities in hear-

---

[1] It was said in *Unora v. Glen Alden Coal Company,* 377 Pa. 7, 11, 104 A. 2d 104, 106: "In law, where a controversy is involved, a hearing intends a judgment bench attended by judges or officials sitting in a judicial capacity, prepared to listen to both sides of the dispute and to consider deeply, reflect broadly, and decide impartially. Studying papers is not a hearing; passing on a report moving across one's desk is not a hearing. The very genius of American jurisprudence shines in the opportunity it affords every litigant to present his case openly, publicly and untrammeledly."

ing and reviewing the matters before it. The record was before the commission, and the decision, represented by the final order, is the decision of the commission. If the order of the commission does not have support in the record or is based upon an erroneous application of the law, such is readily demonstrable on appeal. The rights of the parties are therefore fully protected.

The refusal without hearing of the petition for reconsideration was also proper under the circumstances. The petition did not set forth any facts previously unknown or unavailable to appellant which would materially alter the matters of record. It is settled that the grant or refusal of a petition for rehearing is a matter within the discretion of the commission, and its action will not be reversed unless an abuse of discretion is shown. *Yellow Cab Company v. Pennsylvania Public Utility Commission*, 161 Pa. Superior Ct. 41, 55, 54 A. 2d 301. The disposition of a petition for rehearing is administrative in nature; it involves no new adjudication of rights. In essence it is an affirmation of the original order and is not required to be supported by an explanation of the reasons for its disposition. *Department of Highways v. Pennsylvania Public Utility Commission*, 189 Pa. Superior Ct. 111, 116, 149 A. 2d 552.

Appellant relies upon the second *Morgan* case, *Morgan v. United States*, 304 U. S. 1, 58 S. Ct. 773, 82 L. Ed. 1129. In this *Morgan* case the Secretary of Agriculture initiated an inquiry into the reasonableness of the charges of Morgan for stockyard services in Kansas City. The Secretary of Agriculture who issued the final order took office after the testimony had been received. He did not hear oral argument. He perused the testimony, held several conferences with the solicitor of the department and with officials of the Bureau

of Animal Industry, discussing with them the proposed findings submitted by the Bureau. All of this was ex parte without notice to Morgan. The Supreme Court held that, while it would be improper to probe the mental processes of the Secretary of Agriculture in reaching his conclusions, it was proper for Morgan to raise the question of a lack of due process in the manner in which the decision was reached. In *Morgan v. United States*, supra, 304 U.S. 1, 18, 58 S. Ct. 773, 82 L. Ed. 1129, 1132, the Supreme Court concluded that Morgan was not afforded a "full hearing," and stated: "The right to a hearing embraces not only the right to present evidence but also a reasonable opportunity to know the claims of the opposing party and to meet them. The right to submit argument implies that opportunity; otherwise the right may be but a barren one. Those who are brought into contest with the Government in a quasi-judicial proceeding aimed at the control of their activities are entitled to be fairly advised of what the Government proposes and to be heard upon its proposals before it issues its final command."

The circumstances of the *Morgan* case are very different from those of the instant proceeding. Here appellant initiated an application proceeding in which he had the burden of establishing the public necessity for the additional rights sought. There was no complaint proceeding initiated by the commission against appellant—in the *Morgan* case an inquiry was initiated into the reasonableness of Morgan's rates—without specification of the claims or complaints against him. The order of the commission does not make any substantive complaints or charges against appellant previously unknown to him. In all material respects the order of the commission on the merits of the application relates only to matters and issues normally considered in an application proceeding.

In our opinion the second *Morgan* case does not hold that the deciding agency may not utilize its staff facilities to sift and analyze the evidence. It was the decision of the Supreme Court that the hearing was fatally defective because Morgan, against whom a general complaint was issued, was not apprised of the specific charges or claims against him. *Morgan v. United States,* supra, 304 U. S. 1, 18, 22, 58 S. Ct. 773, 82 L. Ed. 1129, 1132, 1134. As we have indicated, the proceeding in the instant case did not involve any complaints against appellant, and no specific charges against him were raised by the commission and decided in its final order. The requirement that anyone involved in a proceeding be apprised of the claims against him includes notice of specific charges or complaints, but does not include notice of the considerations involved in the decisional process of the administrative agency. The second *Morgan* case specifically held that it would be improper to probe the mental processes of the agency in reaching its conclusions. This portion of the case was reaffirmed in the fourth *Morgan* case. *United States v. Morgan,* 313 U. S. 409, 422, 61 S. Ct. 999, 85 L. Ed. 1429, 1435.

Appellant's argument that the cease and desist portion of the commission's order came without prior notice to him or hearing thereon, and that it resulted from some reference or recommendation in the staff report is without merit and is not indicative of any legal unfairness to appellant because he did not have access to the staff report. The cease and desist portion of the order prohibits appellant from rendering "transportation of property for compensation between points in Pennsylvania, except as presently authorized, without approval of the Commission first had and obtained." Even without such an order appellant is prohibited by law from rendering any transportation service without prior approval of the commission evi-

denced by a certificate of public convenience. The order, in this respect, did not inject a new and previously unknown issue into the case for which appellant received no notice. While such an order is not usually entered upon an application proceeding, it appears that it was prompted in this case by the fact that appellant attempted to support his application for additional rights by evidence indicating that he was actually rendering the service for which he applied under a misunderstanding of his authority or a misinterpretation of the rights granted.[2]

Appellant was accorded due process of law in the proceeding before the commission. He has not shown prejudice, lack of notice of the issues, denial of an opportunity to be heard by the commission, or departure from the record by the commission in formulating its order. See *Wiley v. Woods*, 393 Pa. 341, 141 A. 2d 844; *W. J. Dillner Transfer Company v. Pennsylvania Public Utility Commission (No. 2)*, 175 Pa. Superior Ct. 472, 481, 107 A. 2d 164.

The order is affirmed.

---

[2] The commission in its order stated:

"In view of the denial of the application at Folder 5, Amendment A, and the aforesaid prosecutions, we cannot reasonably find that applicant rendered such service as described in his testimony in good faith and in the sincere belief that he was authorized to do so. . . . Consequently, we feel that such service, in deliberate and intentional disregard of applicant's certificate limitations, is not a proper and sufficient basis for a showing of public need." See *Pennsylvania Railroad Company v. Pennsylvania Public Utility Commission*, 182 Pa. Superior Ct. 54, 63, 125 A. 2d 624.