## Klink *v.* Unemployment Compensation Board of Review.

Argued March 9, 1972, before Judges CRUMLISH, JR., ROGERS and BLATT, sitting as a panel of three.

*Steven R. Sosnov,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *J. Shane Creamer,* Attorney General, for appellee.

OPINION BY JUDGE ROGERS, March 29, 1972:

F. Scott Fitzgerald, chronicler of a less serious age than the present, observed that the bouquet of alcohol,

not unseemly to a cavalry officer or bond broker, is altogether unfitting to a surgeon or clergyman. The appellant here, Milton L. Klink, was a traveling salesman. He was discharged from his employment, after warning, for bearing the odor of strong drink while soliciting orders. At least one customer had registered a complaint in this regard with Mr. Klink's employer. The Unemployment Compensation Board of Review concluded that Mr. Klink was disqualified from receiving unemployment compensation because his discharge had been occasioned by his wilful misconduct, as provided by Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, P. L. (1937) 2897, as amended, 43 P.S. §802(e). We agree with the Board. The traveling salesman is properly classed with the surgeon and clergyman as one who should avoid olfactory evidence of last night's revelry. The appellant's defense that he did not drink while actually working was no defense to the charge of working while smelling of intoxicating drink. We have reviewed the record and concluded that the adjudication is suported by substantial evidence.

The appellant was not represented by counsel at the hearing before the referee. His counsel in brief and argument in this Court asserts that appellant was denied due process at the referee's hearing because he assertedly was not permitted to cross-examine the employer's witnesses, and before the Board because he allegedly was denied opportunity to present argument orally or by brief. The record reveals that the referee did not deny the appellant the right to cross-examine. Indeed, the appellant did not refute the testimony of the employer's witnesses but sought only to mitigate the effect of the testimony by declaring that his drinking occurred in the evening and not during working hours. Neither at the hearing before the referee nor at

any subsequent time did the appellant request the opportunity to make oral argument or file a brief, although the Board's decision came down almost three months after the referee had decided the case adversely to appellant's claim. The case of *Bengal, et al. v. State Board of Pharmacy*, 2 Pa. Commonwealth Ct. 347, 297 A. 2d 374 (1971), relied on by the appellant, is clearly distinguishable. There, at the conclusion of the hearing before the referee, appellant's counsel requested to be notified when the notes of testimony were transcribed and filed. He was not so notified and the administrative agency handed down its adjudication without further word. The request by counsel for notification of the filing of notes implied interest in oral or written argument, the opportunity for which was denied by the agency's precipitous adjudication of the cause. Nothing of this sort occurred here. We repeat the following statement from *Davidson Unemployment Compensation Case*, 189 Pa. Superior Ct. 543, 151 A. 2d 870 (1959) : "In our judgment, however, the opportunity to be heard by the board does not necessitate the automatic listing of every case for argument. Considering the great volume of appeals coming before the board each year, it would be burdensome and impractical to automatically schedule each for argument. The resulting delays would be unwarranted and without justification. Due process requires the opportunity to be heard; we believe that this is satisfied when argument is granted upon request. There is nothing appearing in this record to show that claimant requested and was refused the opportunity to be heard before the board. If claimant had asked for an argument and had been refused, she might have some basis for complaint. In the absence of such request, we cannot say that the opportunity was denied her." 189 Pa. Superior Ct. at 550, 151 A. 2d at 874.

The decision is affirmed.