In Re: Private Road of Noah M. Brubaker and Hilda S. Brubaker in Buffalo Township, Union County, Pa. George A. Ruhl and Mary Ruhl Maher, Appellants.

Argued December 4, 1975, before Judges CRUMLISH, JR., MENCER and BLATT, sitting as a panel of three.

*James F. McClure, Jr.,* for appellants.

*Paul W. Brann,* for appellees.

OPINION BY JUDGE CRUMLISH, JR., February 20, 1976:

By an order of the Court of Common Pleas of Union County dated September 13, 1841, after considering the petition of Philip Ruhl, a private road was established in Buffalo Township leading from the farm then owned by Philip Ruhl to a public road connecting Lewisburg to Buffalo Crossroads. The order was silent as to the width of the road.

The Philip Ruhl farm was subsequently conveyed to Noah M. Brubaker and Hilda S. Brubaker, his wife, (Brubakers) Appellees herein. On March 6, 1970, the Brubakers, by petition, sought the appointment of viewers for the purpose of widening of the private road to twenty-five feet, alleging that the road could not accommodate

modern vehicles and farm machinery.[1] A board was appointed and after due notice it heard testimony and filed its report of June 6, 1970, which was thereafter confirmed nisi by the court. It concluded that the present width of the road (thirteen feet) was inadequate for modern farm machinery usage and recommended expansion of twenty-five feet.

George A. Ruhl and Mary Ruhl Maher, his sister, (Ruhls), owners of a parcel abutting the private road, appealed the order widening the road. Their appeal was dismissed, hence they appeal to this Court.

Although the Ruhls pressed nine objections below, their present challenge is limited to three issues:

1. The finding by the viewers that there existed a need to widen the private road to twenty-five feet was arbitrary, capricious and was not based on sufficient evidence.

2. There was a denial of due process by untimely and misleading notice of the viewers' hearing.

3. The location of the widened private road is uncertain because no survey was made.

Narrowing Appellant's first contention, the Ruhls argue that the viewers' report was not supported by sufficient evidence in that at the hearing convened by the viewers, approximately two weeks after the site view, the only person in attendance who could support the Brubakers' position was their attorney. The Ruhls argue that he was not competent to testify as to the necessity for widening the road. Actually, we understand the Ruhls to argue that absent any evidence supportive of necessity proffered at the viewers' hearing of April 13, 1970, no evidence of necessity for expansion of the road is of record. We disagree.

Paragraph three (3) of the viewers' report states:

---

1. For a complete explanation of this area of the law, *see* W. Trickett, Pennsylvania Road Law, at 303 (1895), where the petitioning of court by a private individual is lawfully discussed.

"That the viewers fixed Wednesday, the 1st day of April, 1970 at 9:30 A.M. E.S.T., on the premises as the time and place for view and fixed Monday, April 13, 1970 in the office of Graham C. Showalter, Esquire, . . . as the time and place for a hearing having the same objects as the view."

Further, the viewers found that all interested parties, including the Brubakers and Ruhls, were in attendance at the April 1st site view. If we were to accept the Ruhl argument that lack of competent evidence of necessity at a hearing[2] following a site view is sufficient to find the viewers' report unsupported by competent evidence, we would be ignoring the effect, competence and the materiality of the site view. We are in complete agreement with Judge LEHMAN's characterization of the significance of the site view:

"Board of View proceedings are frequently conducted on a very informal basis. There appears to be no statutory requirement that witnesses heard by the board be sworn or affirmed. The first meeting of a board of view for laying out or widening a road is usually held at or near one of the termini of said proposed or existing road in order to view the ground. [Drum, The Law of Viewers in Pennsylvania, §41]. It is frequently to the advantage of all parties concerned to conduct the road hearings on the ground or nearby, unless a local court rule otherwise prescribes. *Ordinarily, in cases of this character, the most valuable evidence can be obtained while the view is being made. At that time, the petitioners can best show what*

---

2. In fact a review of the relevant statutory law reveals that hearings conducted by a board of view, such as that convened on April 1, are not required as a condition precedent to a board of view report. *See* Section 8 of the Act of May 8, 1950, P.L. 713, *as amended*, 36 P.S. §1988; Section 1 of the Act of June 13, 1836, P.L. 551, *as amended*, 36 P.S. §1781; Section 2 of the Act of June 13, 1836, P.L. 551, *as amended*, 36 P.S. §1785.

*purpose the proposed road is to serve, and, likewise, those opposed can best point out their objections. The sense of sight frequently gathers evidence of more weight than the sense of hearing. 'The viewers are restrained to no particular species of evidence, and may resort to any source of information which they may think proper; even the evidence of their senses.:'* (Spring Garden Street, 4 Rawle 192)." (Emphasis added.)

Therefore, it is clear that evidence proffered at the site view alone is sufficient to support the viewers' report.

Second, the Ruhls candidly admit that their appearance at a hearing or view would normally waive any infirmities in notice[3] imparted to them, but they argue that they were misled by the notice because they were given the false impression that the proceedings were informal and attendance was not necessary because the notice of the impending proceedings was framed in the form of an invitation "to discuss the above matter if you wish." Citing *Morgan v. United States*, 304 U.S. 1 (1938) and *Smith v. Pa. P.U.C.*, 192 Pa. Superior Ct. 424, 162 A.2d 80 (1960), the Ruhls urge us to consider that due process embraces not only the right to present evidence at a hearing, but also encompasses the right to be apprised of claims the opposing party might present. We would be in a better position to evaluate the quality of the notice had it been certified to us as a part of the record, however, we hold for other reasons that this contention lacks merit. First, it taxes credulity to accept the suggestion that the Ruhls were without full knowledge of the issues involved

---

3. Section 2 of the Act of June 13, 1836, P.L. 551, *as amended*, 36 P.S. §1785, describing the duties of viewers in laying out public roads has been interpreted to allow that all defects in notice are cured by attendance. *See In Re: Road in Strasburg Township (No. 2)*, 23 Lanc. 94 (1906); *Upper Mount Bethel Road*, 7 Northampton 29 (1899); *In Re: Vacation of Road in Lower Merion Township*, 15 Mont. 177 (1899).

when the hearing was convened only thirteen days after their site view of the road. Second, we know that these proceedings are often conducted on an informal basis, with there being no statutory requirement that witnesses be sworn or affirmed. Simply because the hearing was characterized as *informal* in no way prejudiced the Ruhls and in no way destroys the legally effective consequence of the meeting. In summary, we can find no authority, nor has any been cited to us, which would remove this case from the general rule that attendance waives any alleged defects in notice.

Finally, we must reject the argument that the boundary of the widened road is uncertain because there was no formal survey. In response, we adopt the court below's rationale:

> "The road had been surveyed and layed out and no further surveying was required. Section 58 of the Act of June 13, 1836, P.L. 551, 36 P.S. §1855, requires that a surveyor be provided by petitioners in certain situations not here applicable. In Stroudsburg Township Road (No. 2), supra, it was held that a plot or draft accompanying a report of viewers is sufficient though made by someone not a viewer if adopted and approved by them. See New Hanover Road, 18 Pa. 220. In the instant case the viewers adopted the draft appearing on the tax assessment records."

Consistent with the foregoing, the order of the court below is hereby affirmed.