Edward L. Mileski, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 12, 1977, before President Judge
BOWMAN and Judges MENCER and BLATT, sitting as a
panel of three.

*James Victor Voss*, with him *Neely and Voss*, for
petitioner.

*Daniel R. Schuckers*, Assistant Attorney General,
with him *Sydney Reuben*, Assistant Attorney General,
and *Robert P. Kane*, Attorney General, for respondent.

OPINION BY JUDGE MENCER, November 10, 1977:
Edward L. Mileski (claimant) appeals from an order of the Unemployment Compensation Board of Review (Board) reversing a referee's grant of benefits. Since the record in this case fails to indicate that notice of the employer's appeal to the Board was properly forwarded to the claimant, we vacate the Board's

order and remand to allow the claimant an opportunity to be heard by the Board.

The claimant was discharged by Computerm Corporation (employer) in January 1975 for allegedly falsifying his expense account.[1] The Bureau of Employment Security (Bureau) denied claimant's application for unemployment benefits. Claimant appealed, and a hearing was held before a referee on November 12, 1975, at which claimant appeared without counsel. By order dated November 21, 1975, the referee reversed the Bureau's decision and granted benefits to the claimant. By letter to the local office of the Bureau, the employer properly filed a petition for appeal to the Board. Under the Board's rules of procedure, the local bureau office is required to furnish notice of the filing of such a petition to the Board and to all parties to the proceedings. 34 Pa. Code §101.103. The claimant contends that such notice was never forwarded to him. By order of June 10, 1976, the Board, without hearing argument or taking additional testimony, reversed the referee and held that the claimant was guilty of willful misconduct and not entitled to benefits. Upon receiving a copy of this order, which claimant contends was the first notice he received that an appeal had been taken, claimant secured counsel and filed a timely appeal to this Court.

It is well established that, when the Board allows an appeal, all parties shall have the opportunity to be heard on the issues. *See Davidson Unemployment Compensation Case,* 189 Pa. Superior Ct. 543, 151 A. 2d 870 (1959) (hereinafter *Davidson II*); *Davidson*

---

[1] We have little doubt that a deliberate falsehood may constitute willful misconduct, so as to render an employee ineligible for benefits under Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e). *See Miokovic Unemployment Compensation Case,* 195 Pa. Superior Ct. 203, 171 A.2d 799 (1961).

*Unemployment Compensation Case,* 186 Pa. Superior Ct. 290, 142 A.2d 459 (1958) (hereinafter *Davidson I*). Since the Board is the ultimate fact-finder in unemployment compensation cases, with the power to affirm, modify, or reverse the referee's findings of fact or conclusions of law, *see Unemployment Compensation Board of Review v. Leonhart,* 24 Pa. Commonwealth Ct. 196, 353 A.2d 925 (1976), it is particularly important that all parties have an opportunity to be heard before that body. Such a right is even more important to a claimant who was not represented by counsel before the referee. Indeed, a failure to accord an opportunity to be heard to the parties to an appeal would raise serious procedural due process questions. *Cf. Bengal v. State Board of Pharmacy,* 2 Pa. Commonwealth Ct. 347, 279 A.2d 374 (1971) (failure to accord an opportunity to file brief with fact-finding board violative of due process).

Thus, Section 504 of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §824, provides, in relevant part:

> When any claim pending before a referee is removed or transferred to the board, the board shall afford the parties and the department reasonable opportunity for a fair hearing.

Discussing this language in *Davidson I, supra,* 186 Pa. Superior Ct. at 293, 142 A.2d 460, the Superior Court stated that, although the Board need not take additional testimony, "it must afford the parties an opportunity to be heard on every appeal." *See also Davidson II, supra,* 189 Pa. Superior Ct. at 549, 151 A.2d at 874.

In compliance with this constitutional and statutory mandate, the rules of the Board provide that any party may request an opportunity for oral or written argument and that such request will be granted

as of course. *See* 34 Pa. Code §101.104(e). If, as claimant contends, he was not properly notified of the employer's appeal to the Board, he had no opportunity to request oral or written argument and was thereby denied his right to be heard before the Board.

To support his contention, claimant relies on the fact that there is nothing in the record to indicate that notice of the employer's appeal to the Board was ever forwarded to him by the local bureau office. The Board, while admitting that the record is silent on this point, relies on the presumption of the regularity of the acts of public officials—here, the rule requirement that the local bureau officials forward to all parties notices of appeal—to support its position that notice was properly forwarded to the claimant in this particular case.

Our review of the cases in which the latter presumption has been applied has revealed no instance where the mere existence of a rule requiring an act to be performed by a public official has been sufficient to raise a presumption that the act was in fact performed. Rather, the presumption has been used only under circumstances where there was some other indication that the act in question had been performed in the particular case. *See Unemployment Compensation Board of Review v. Hart,* 22 Pa. Commonwealth Ct. 225, 348 A.2d 497 (1975) (proof that notice of the Board's decision was actually mailed would raise presumption that such notice contained all the appropriate information); *Wheatcroft v. Schmid,* 8 Pa. Commonwealth Ct. 1, 301 A.2d 377 (1973) (affidavit of tax assessor that he had posted premises subject to tax sale established presumption that he had properly posted the premises).

Thus, if there were any indication in this record that notice was mailed to this claimant at his last known address, such as a notation to that effect made

by a local bureau official, it might then be presumed that proper notice had in fact been mailed and received. However, we cannot assume on the basis of a silent record that the fundamental statutory and constitutional prerequisites of notice and opportunity to be heard have been met. *See Bengal v. State Board of Pharmacy, supra.* In *Bengal,* the appellant had made a routine request following a hearing that he be notified when the testimony had been transcribed, thereby indicating his desire to file a brief for the consideration of the State Board of Pharmacy. The appellant asserted before this Court that the Board of Pharmacy had rendered a decision without giving him the requested notice, thereby depriving him of the opportunity to be heard. Since the appellant's assertion was undenied by the record or otherwise, the case was remanded to afford the appellant his procedural rights. Here, as in *Bengal,* the claimant's assertion is undenied by the record, and the Board's position to the contrary is based solely on the inapplicable presumption of the regularity of the acts of public officials. We therefore conclude that the reasoning in *Bengal* is persuasive here and that this case must be remanded to the Board so that the claimant may have the opportunity to request oral or written argument.[2]

## ORDER

AND Now, this 10th day of November, 1977, the order of the Unemployment Compensation Board of Review, dated June 10, 1976, denying unemployment benefits to Edward L. Mileski, is hereby vacated, and this case is remanded to the Board for further proceedings consistent with this opinion.

---

[2] The Board, of course, may exercise its usual discretion in deciding whether additional testimony is necessary. *See Davidson, II, supra.*