**In re John J. MARLO and Susan M. Marlo, Debtors.**

**Bankruptcy No. 80–00151K.**

United States Bankruptcy Court,
E. D. Pennsylvania.

May 21, 1982.

Jack K. Miller, Philadelphia, Pa., for debtors.

James J. O'Connell, Philadelphia, Pa., standing trustee.

Robert E. Chernicoff, Asst. Atty. Gen., Com. of Pennsylvania, Harrisburg, Pa., for Dept. of Labor and Industry Bureau of Employment Security.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

This case reaches the Court on an application by the debtors requesting the Court to Order the Bureau of Unemployment Compensation to pay over certain funds to the debtors. The facts are not in dispute. On the basis of the statutes of the Commonwealth of Pennsylvania, the debtors' prayer will be granted.[1]

The debtors filed a Chapter 13 petition in January of 1980. The plan for adjustment of debts was confirmed by this Court in September of 1980. In October of 1980, the debtor, John Marlo, became unemployed. He subsequently applied for unemployment benefits. The Commonwealth, however, refused to award such benefits because in 1977 a determination was made that the debtor was not entitled to such benefits.

It was determined, in February of 1977, that John Marlo had received overpayments of previous unemployment compensation. Pursuant to the Pennsylvania Unemployment Compensation Act,[2] the debtor would be disqualified from receiving benefits for a certain period of time. 43 *Pa.Stat.Ann.* § 871 (Purdon). Through some inexplicable quirk of bureaucracy, the notice of this determination of penalty was not mailed to Mr. Marlo until March 5, 1979. In addition, the notice was mailed to the wrong address. The Act also provides that an appeal of such a determination must be made within ten (10) days of notice; § 501(e) of the Act. If such an appeal is not filed, the determination becomes final; § 501(e) of the Act.

The Commonwealth alleges that a final determination was made in this case. Accordingly, the Bureau of Unemployment Compensation has refused John Marlo unemployment compensation for twenty-five (25) weeks in 1980 and 1981. These twenty-five (25) weeks constituted the determination of penalty under § 801 of the Act. The penalty period expired in March of 1981. Mr. Marlo, however, has been deprived of $3,400.00 in unpaid benefits.

The determination of penalty by the Commonwealth must be stricken. Notice was sent to 2658 South 67th Street. This property, unfortunately, is a vacant house. The Debtor's address is 2656 South 67th Street. Notice was not properly given under § 501(c) of the Act. The debtor was deprived of an opportunity to be heard and to contest the issue. *See, Mileski v. Commonwealth Unemployment Comp. Bd. of Rev.,* 32 Pa.Cmwlth. 334, 379 A.2d 643 (Commonwealth Ct.1977). The Commonwealth, therefore, is incorrect in asserting that the debtor had no right to these payments. The Act provides that a determination becomes final unless a claimant files an appeal within ten (10) days after notice is given as provided in the statute; § 501(e) of the Act. The determination in this case never became final because the Common-

---

1. This Opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

2. *See* 43 *Pa.Stat.Ann.* § 751 *et seq.* (Purdon), hereinafter referred to as the Act.

wealth never gave the requisite notice. The Commonwealth, therefore, has improperly refused to pay the benefits in question to the debtor.

The Bureau of Unemployment Compensation will be Ordered to pay the amount in question to the debtor.