DISSENTING OPINION BY
JUDGE HEARTHWAY
The issue in this case is whether the Board properly affirmed the decision of *1194 the Referee that Claimant’s appeal from the Service Center’s unemployment compensation determination should be dismissed because the appeal was untimely. Claimant contends that she did not receive notice of the determination until after her appeal period expired. The Majority opinion concludes that remand is appropriate because the evidence does not support a finding that the notice was mailed. I respectfully dissent for the following reasons.
First, Claimant did not raise this issue before the Referee. The Majority opinion states that “Claimant raised the issue of proof of mailing before the Referee and in her appeal to the Board.” However, Claimant’s handwritten letter of appeal to the Referee does not question whether or when the Notice of Determination was mailed. (C.R., Item No. 5.)
Before the Referee, Claimant testified that when she had not received any information on the status of her claim, she telephoned the Service Center on February 22, 2016. When asked by the Referee if she ever received the Notice of Determination, Claimant stated, “[a]fter—I think I talked to them that day[;] they told me there was a fire or something in the office in the Lansdowne—Lancaster office or something and that I got a notice like after that, after I spoke to somebody on the phone like almost a week after that.” (C.R., Item No. 8; N.T., 3/23/16, at 3.) Context for this vague testimony is provided l'ater to the Board in the next stage of the appellate process, when Claimant wrote that on February 22, 2016, an unidentified UC representative stated in a telephone call “that the office where my decision had come from had had a fire and that could have been the cause” that she did not receive notice. (C.R., Item No. 10.) But the only information before the Referee about a purported fire was Claimant’s testimony that “they told me there was a fire or something in the,.. Lancaster office or something.”[1] Notwithstanding the fact that it might be proper for this Court to afford some latitude to Claimant as a pro se litigant, this ambiguous and disjointed statement cannot be fairly construed as raising the issue of whether the Notice of Determination was mailed to Claimant. Nevertheless, the Majority opinion faults the Referee and the Board for not addressing this precise issue.
Like the Board’s decision, the Board’s brief to this Court does not address the question of whether there is substantial evidence in the record that the Notice of Determination was mailed. The silence of the Board on this issue is not surprising in light of the failure of Claimant to properly raise this issue before the Referee. Appellate review in this instance is hindered significantly by Claimant’s failure to present and develop this issue.
Nevertheless, the Majority finds the question of whether there is substantial evidence to conclude that the Notice of Determination was mailed on February 3, 2016, to be determinative. The majority analyzes this case under Blast Intermediate Unit # 17 v. Unemployment Compensation Board of Review, 165 Pa.Cmwlth. 513, 645 A.2d 447 (1993), which discusses the presumption of regularity of the acts of public officials. Though “Pennsylvania recognizes a presumption that official acts or duties have been properly performed,” Leonard Packel & Anne Bowen Poulin, Pennsylvania Evidence § 326-20 (4th ed. 2013), the Blast court noted, “the mere *1195 existence of a rule requiring an act to be performed by a public official is not sufficient to raise a presumption that the act was performed.” 645 A.2d at 449 (citation and internal quotation marks omitted). In other words, for the presumption that an act was properly performed to apply, the record must show “some other indication that the act in question had been performed.” Id. (quoting Mileski v. Unemployment Compensation Board of Review, 32 Pa.Cmwlth. 334, 379 A.2d 643, 645 (1977)).
In this case, a number of exhibits were entered without objection into the record at the Referee’s hearing. (C.R., Item No. 8; N.T. at 2.) Exhibit 3 is a copy of the Notice of Determination, which specifically notes a mailing date of February 3, 2016.[2] (C.R., Item No. 4.) Consequently, the record includes a document that explicitly states “Mailed on: February 03, 2016.” Id.
The Majority, however, brushes this evidence aside, stating “it is apparent that the ‘mailed date’ was part of the information included in the notice itself at the time the notice was prepared.” (Maj. Op. at 1193.) The Majority then concludes that a remand is appropriate for “the Referee [to] receive testimony from a representative of the Service Center for purposes of issuing a decision that addresses Claimant’s argument that the Service Center may not have mailed the notice to her.” (Id.)
The Majority’s resolution begs the question, what is left of the presumption of regularity of the acts of public officials? The presumption is based on the “probability and the difficulty of proving that [a public official] conducted himself in a manner that was in all ways regular and legal.” Packel & Poulin, Pennsylvania Evidence § 326-20 (quoting McCobmiok on Evidence § 343 (7th ed.)). However, it seems that this presumption would be' obliterated if (1) public officials were required to prove through testimony that a correctly documented routine act was in fact performed as reported; or (2) incredible testimony by a claimant was sufficient to rebut the presumption.[3] If a government agency is required to actually prove via testimony that it performed a. documented, routine act, what exactly is left for a fact-finder to presume?
The Majority concludes that the notation of a mailing date on Exhibit 3 is insufficient to invoke the presumption that the document was mailed as indicated. I disagree.
Official documents prepared in the ordinary course of business by Commonwealth officials “carry with them a presumption that they -are valid and correct and that the official acts involved in their preparation have been properly performed.” In re Cameron’s Estate, 388 Pa. 25, 130 A.2d 173, 178 (1957) (citations omitted). “[A] prima facie presumption of the regularity of the acts of public officers exists until the contrary appears.” Beacom v. Robison, 157 Pa.Super. 515, 43 A.2d 640, 643 (1945). The presumption is triggered whenever there is some indication in the record that an act in question was performed. Mileski; Blast.
Therefore, the Board should be affirmed. Claimant waived the issue of an improper mailing by failing to adequately *1196 raise the question before the Referee. Moreover, the notation of the mailing date on Exhibit 3 constitutes sufficient evidence to invoke the presumption that the act was performed. The circumstances of this case do not warrant casting doubt on an important and longstanding evidentiary .presumption.

. Significantly, finding Claimant not credible, the Referee rejected Claimant’s testimony that she did not receive the Notice of Determination. (C.R., Item No. 9; Referee’s Decision, 3/23/16, at 2.)

. Exhibit 4 is described as a computerized claim record generated by the UC Service Center; however, Exhibit 4 was not included in the certified record submitted to this Court. (C.R., Item No. 8; N.T. at 2.) It is unknown whether this exhibit also documents the date of mailing.

. At best, Claimant’s testimony about a rumored fire invites conjecture that perhaps the Notice of Determination was not actually mailed. This type of conjecture, however, could be raised anytime a document is claimed not to have been received.