Parago *v.* Department of Public Welfare.

Argued March 9, 1972, before Judges CRUMLISH, JR., ROGERS and BLATT, sitting as a panel of three.

*Eugene F. Smith,* with him *Joseph P. Brennan,* for appellant.

*Sidney V. Blecker,* Assistant Attorney General, with him *Marx S. Leopold,* General Counsel, and *J. Shane Creamer,* Attorney General, for appellee.

OPINION BY JUDGE BLATT, June 16, 1972:

This is an appeal from an order of the Department of Public Welfare withholding the payment of public assistance benefits. The Department claimed a violation of departmental regulations in the appellant's failure to report receipt of a resource and in her subsequent transfer of a resource without departmental knowledge and approval.

It appeared from testimony at the Departmental hearing that the appellant, the mother of four children, had been receiving public assistance for approximately two years. One Clarence Fisher had been a boarder in her home at various intervals over a considerable period of time, and had made a number of purchases for the household, some on credit. Because he was unable to obtain credit himself, however, he used the credit of the appellant's ex-husband, with the ex-husband's permission. He made regular payments on these debts, the appellant said, but he also took out a life insurance policy with the appellant named as beneficiary, so as to provide for the payment of whatever debts might still remain if he should die. When Clarence

Fisher died, she received the $8,000 proceeds of the life insurance policy.

The appellant testified that neither she nor Clarence Fisher ever intended the insurance policy proceeds to be her own money, but that she had promised him to use it to pay off his debts and then to pay over any remainder to his brother, Elmer Fisher. Her testimony was that she spent approximately $2,000 to clear up the decedent's debts and with the consent of Elmer Fisher, the brother, also spent some of the money on personal items needed by herself and her children. She testified that she then gave Elmer Fisher a check for the rest, in the amount of approximately $6,000. She did not notify the Department either as to receiving the insurance money or as to the disposition she made of it. When an acquaintance of the appellant informed the Lackawanna County Board of Assistance of the appellant's receipt of the insurance money, she freely admitted that she had received it, but stated that she had not reported it because she did not believe that it belonged to her. She was subsequently notified that her assistance payments were being terminated because she had transferred an asset of $6,000, and she requested a hearing.

At the County Board hearing, the appellant said that she had merely carried out the express wishes of the decedent, Clarence Fisher. She testified that she had never treated the $8,000 as her own property and that she never had any intention of retaining any of it. In effect, her argument was that she was merely the trustee of an oral trust. The County Board's Hearing Officer approved the termination of assistance, holding that the $8,000 proceeds of the policy were available for the appellant's unrestricted use, and that she should have reported both the receipt and the transfer of the money to the Board. The testimony of the

appellant and of other witnesses was found to be insufficient to establish an oral trust. And, although the evidence presented on the issue of the payment over to Elmer Fisher was in the form of a notarized statement from Elmer Fisher that he had received the money from the appellant, the Officer specifically found that she had "not presented sufficient evidence that . . . [she] actually gave the $6,000 to Elmer Fisher." The Officer's adjudication was confusing in that, while noting that the County Board had terminated assistance because appellant had transferred an asset, he, himself, held that a transfer had not been sufficiently proved. Nevertheless, he held the Board's action in terminating benefits to be correct.

At a subsequent hearing held by a Departmental Hearing Examiner, evidence was again presented on the matter of the alleged oral trust, consisting of the uncontradicted testimony of the appellant and three other witnesses that Clarence Fisher had asked the appellant to use the insurance money to pay off his debts and to pay the remainder over to his brother. The Departmental Hearing Examiner likewise held this evidence insufficient to establish the existence of an oral trust, and he found that Departmental regulations regarding failure to report receipt of a resource as well as regarding the transfer of a resource had been violated. This adjudication was also confusing because it referred to Departmental Regulation 3230.3 regarding transfers, and the caseworker who testified regarding the regulation stated that the regulation forbade only *repeated* transfers of resources. The Departmental Hearing Examiner held, however, that the appellant was ineligible for assistance, and his report and recommendations, including his findings of fact, were adopted in full by the Department.

This appeal has now been brought pursuant to the provisions of the Administrative Agency Law, Act of June 4, 1945, P. L. 1388, 71 P.S. §1710.1 et seq. This Court, therefore, must affirm the Department's adjudication if it is in accordance with the law and is supported by substantial evidence.[1] Although disturbed by the apparent inconsistencies in the findings of the County Hearing Officer and the Departmental Examiner, we believe that the adjudication is so supported.

Substantial evidence is such relevant evidence as a reasonable mind can accept as adequate to support a conclusion. *Pittsburgh Railways Company v. Pennsylvania Public Utility Commission,* 198 Pa. Superior Ct. 415, 182 A. 2d 80 (1962). In this case, therefore, the essential issue is whether or not there was such substantial evidence to show that the appellant received $8,000 as a trustee under an oral trust. If she was not a trustee but was simply a beneficiary, she received a resource as defined in Regulation 3230.1, her unauthorized transfer of such a resource to Elmer Fisher was prohibited by Regulation 3232, and there were proper grounds for termination of assistance.

The evidence received at the Departmental hearing relative to the appellant's claim that an oral trust existed, was to the effect that the decedent asked the appellant to pay off his debts and to transfer any money then remaining from his insurance benefits to his brother. Oral trusts, of course, have long been recognized in Pennsylvania as being valid.

"A trust as to personal property may be established by parol: Smith's Est., 144 Pa. 428; and a beneficiary, named in a policy of insurance, may become a trustee of the proceeds, either by express agreement, or by force of the attendant circumstances, whether or not he be designated as such in the policy: Fidelity T. &

---

[1] Administrative Agency Law, Section 44, 71 P.S. §1710.44.

Tr. Co. v. Graham, 262 Pa. 273. To establish a trust by parol, the plaintiff must furnish *proof which is clear, precise and indubitable*: Washington's Est., 220 Pa. 204; Donithen v. I. O. of F., 209 Pa. 170." *Gritz v. Gritz*, 336 Pa. 161, 164, 7 A. 2d 1, 2 (1939). (Emphasis supplied). It has also been stated: "All the evidence and surrounding circumstances must be considered as an entirety; isolated facts and circumstances are ofttimes misleading and do not present a true picture." *Keller v. Keller*, 351 Pa. 461, 465, 41 A. 2d 547, 549 (1945). In the instant case, the Hearing Examiner evidently did not believe the appellant's evidence of an oral trust at all, or else did not find that such evidence was "clear, precise and indubitable." While our own reading of the record, colored by the arguments of counsel, may perhaps incline us to take a different view of the credibility of the evidence than did the Hearing Examiner, the evaluation of the testimony was his to make. We must affirm the findings which he has made, therefore, and which the Department has adopted, unless we find that the Examiner or the Department have abused their discretion. And, while we are likewise not prepared to say that either the Examiner or the Department would have abused his or its discretion by a contrary finding, the proof offered here was obviously *not* so "clear, precise and indubitable" as to make it unreasonable for the Examiner and the Department to find as they did. We must find, therefore, that they did not abuse the discretion which was theirs.

We note an indication in the Departmental adjudication that a violation of Regulation 3230.3, which was not cited in full but was said to prohibit the repeated failure to report a resource, furnished an alternative basis for terminating the appellant's assistance. The appellant's caseworker had testified, however, that this was the first and only instance in which the appellant

had ever failed to report a resource. It would seem, therefore, that the violation of a regulation referring to a *repeated* failure to report a resource could not have been properly cited here as a basis for terminating assistance. While this discrepancy, if it is such, is not fatal to the Departmental decision, it is unfortunately indicative of the lack of precision and clarity which was frequently evidenced in these proceedings.

In dismissing this appeal, we specifically do not intend to indicate that the appellant should be excluded from any present or future grants of public assistance for which she may be or become otherwise eligible. She may reapply and may be reinstated whenever the need for benefits and her qualifications therefor may again be established.

We, therefore, make the following

#### ORDER

Now, June 16, 1972, the appeal of Helen Parago is dismissed, and the adjudication and order of the Department of Public Welfare are affirmed.

---

DISSENTING OPINION BY JUDGE CRUMLISH, JR.:

I dissent. The majority today has affirmed the commission of two errors of law by the Department of Public Welfare which compel the reversal of their adjudication in this matter.

First, appellant's assistance was terminated for failure to report the receipt of an asset as required by Department Regulation 3230.3. As stated by the majority, this regulation, which the Department failed to enter in the record, would only seem to prohibit repeated failure to report a resource. Since appellant was not guilty of repeated failure, the Department erred in basing its termination of assistance on the failure to report the asset.

The only basis left for termination, then, would be the transfer of the asset in violation of Regulation 3232. Appellant contended that the transfer was as a result of an oral trust. The County Hearing Examiner found that no oral trust existed because *appellant had not proved that she had transferred the funds.* The Department in its de novo adjudication did not make specific conclusions for its affirmance of the Hearing Examiner's conclusion that an oral trust had not been proven. In fact, the Department failed to make a finding of fact that any asset had been transferred. Therefore, neither the Hearing Examiner or the Department has adopted findings of fact or conclusions of law which would substantiate a violation of Regulation 3232. Therefore, the Department's adjudication should be reversed.