## Sharp's Convalescent Home *v.* Department of Public Welfare.

Argued December 4, 1972, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Walter H. Wilt,* with him *Hepford, Zimmerman & Swartz,* for appellant.

*Marx S. Leopold,* Assistant Attorney General, with him *Barry A. Roth,* Assistant Attorney General, and *J. Shane Creamer,* Attorney General, for appellee.

OPINION BY JUDGE KRAMER, March 1, 1973:

This is an appeal by H. David Sharp, trading and doing business as Sharp's Convalescent Home (Sharp) from an Order of the Secretary of the Department of Public Welfare (Secretary), wherein Sharp was directed to cease and desist in the operation of his nursing home.

On September 22, 1971, the Department of Public Welfare (Department) issued an order requiring Sharp to make certain required improvements within 60 days or to cease all operations as a nursing home. As of December 29, 1971, Sharp had not complied with the requirements set forth in the Order of September 22, 1971, and was therefore ordered to cease and desist operating the nursing home within 30 days. Sharp appealed the Order of December 29, 1971, and a hearing was set for March 21, 1972. Although 11 specific violations were referred to in the original Order of September 22, 1971, by the time of hearing only one substantial issue remained. That remaining problem was one involving the staffing of the nursing home. In specific, Sharp failed to comply with the Department regulation requiring a Registered Nurse (RN) or Licensed Practical Nurse (LPN), on all shifts during the nursing home operation. The hearing was held on March 21, 1972 and restricted to the issue of staffing. The hearing officer found that Sharp had not complied with the Department regulation pertaining to staffing, and as a result, on April 17, 1972, the Secretary issued an order to the appellant directing him to cease and desist operating his nursing home within 15 days. On May 17, 1972, appellant appealed to this Court from the Order of the Secretary.

Our scope of review in this case is governed by Section 44 of the Administrative Agency Law, Act of June 4, 1945, P. L. 1388, 71 P.S. §1710.44. In such cases, the issue before this Court is whether the Department abused its discretion or committed an error of law. If the findings of fact and the conclusions of law are consistent with each other and supported by the evidence, we must affirm. See *Parago v. Department of Public Welfare*, 6 Pa. Commonwealth Ct. 16, 291 A. 2d 923 (1972) ; *A. P. Weaver and Sons v. Sanitary Water Board*, 3 Pa. Commonwealth Ct. 499, 284 A. 2d 515 (1971).

Appellant alleges that the findings of fact and conclusions of law reached by the Department are not supported by the evidence. Having read and reread the record in this case, the one issue which cannot be disputed is that appellant did *not* comply with the staffing requirements of the Department regulation. Appellant candidly admits that he did not have in his employ the required number of registered nurses and/or licensed practical nurses. It is appellant's contention that the Department's conclusion is too vague, because it only states that appellant failed to comply with Department regulations. This might very well be a valid complaint if there were several distinct violations involved, but nothing could be clearer from this record than that all parties were dealing with one issue, viz., staffing. Much of the testimony in the record deals with trying to unearth the reason for appellant's staffing problem. Based on the record in this case, we must conclude that the findings of the Department were supported by substantial evidence.

Along with the allegation of abuse of discretion by the Department, Sharp claims several additional violations of the Administrative Agency Law: (1) that he was not given proper notice of the charges against him; (2) that the transcript and record submitted by the

Department were not in compliance with the Administrative Agency Law; (3) that the Department did not supply appellant with a written copy of the adjudication when it issued its order to appellant; and (4) that appellant was not afforded an opportunity to file a brief prior to the final order of the Department, as required by the Administrative Agency Law and due process of law. Each of these allegations will be discussed in turn.

Appellant's allegation that he was not given adequate notice of the charges against him is predicated on the apparent discrepancy concerning the section number of the Department regulation violated. While we must agree with Sharp when he states that the correct section number of the violation does not appear in the adjudication, we feel constrained to accept the Department's explanation of a clerical, or recording error, which did not work to any undue prejudice of Sharp. As already noted herein, the testimony and the findings of fact leave no doubt that Sharp was well aware of the adjudicated issue, i.e., Sharp's lack of an adequate nursing staff, as originally noted in the order of September 22, 1971.

The second allegation, that the transcript and record submitted by the Department are not in compliance with the Administrative Agency Law, is based upon the fact that the testimony was taken by tape recorder rather than by a stenographer. Sharp bases this argument upon Section 31 of the Administrative Agency Law, 71 P.S. §1710.31, which provides: "No adjudication shall be valid as to any party unless he shall have been afforded reasonable notice of a hearing and an opportunity to be heard. All testimony shall be *stenographically recorded* and a full and complete record shall be kept of the proceedings." (Emphasis added.)

While we recognize that there are various omissions in the transcript (where the tape was inaudible), we

also recognize the plight of the various administrative agencies. There are literally thousands of hearings held by various State agencies each year, most of which are not appealed. To require that a stenographer be present at each and every hearing would place an unnecessary and heavy financial burden upon the agency and ultimately the taxpayer. The crucial aspect on appeal is whether there is a complete and accurate record of the testimony taken so that the appellant is given a base upon which he may appeal, and also that the appellate court is given a sufficient record upon which to rule on the questions presented. Due process is afforded to any party, regardless of whether the testimony is taken by a stenographer or first taken by a tape recorder and then duly transcribed by a stenographer. This is not to say that an incomplete or inaccurate transcript will be sufficient. The agency takes the risk that an adequate record has been maintained. In this case, the Agency was fortunate; the transcript is not so vague or remiss so as to require rehearing. Quite to the contrary, the transcript in this case makes it evident that the issue in question (Sharp's staffing problem) was fully discussed and noncompliance was openly admitted by appellant. Therefore, we conclude that the transcript is not so deficient so as to invalidate it as an accurate record of the proceedings. *See Palmer v. Department of Public Welfare,* 5 Pa. Commonwealth Ct. 407, 291 A. 2d 313 (1972).

Sharp's third challenge is based upon Section 34 of the Administrative Agency Law, 71 P.S. §1710.34, which provides in pertinent part: "All adjudications shall be in writing, shall contain findings and the reasons for the adjudication, and shall be served upon all parties or their counsel personally, or by mail." We note that the order of the Secretary was entered on April 17, 1972, and that although Sharp promptly received a copy of the order, he did not receive a copy

of the adjudication until May 9, 1972. We must agree with appellant that this was most unfortunate. Such action by the Department is not to be condoned. However, we cannot ascertain any harm suffered by Sharp. He filed a timely appeal to this Court, and the Department took no action on its order in the interim. We therefore conclude that although the Department's failure to provide Sharp with a copy of the adjudication until May 9, 1972, evidences shoddy procedure on the Department's part, Sharp was not harmed, and the Secretary's order cannot be invalidated on this ground.

Sharp's fourth and final point concerns his opportunity to file a brief. This argument is based on Section 33 of the Administrative Agency Law, 71 P.S. §1710.33, which provides: "All parties shall be afforded opportunity to submit briefs prior to adjudication. Oral argument upon substantial issues may be heard by the agency." Sharp's right to submit a brief is not the crucial question; both parties agree Sharp had such a right. The real issue is whether Sharp waived his right by failing to make a specific request. Sharp relies on the case of *Bengal and Youngwood Pharmacy v. State Board of Pharmacy*, 2 Pa. Commonwealth Ct. 347, 279 A. 2d 374 (1971), wherein we stated that the opportunity to submit a brief was mandated by the Administrative Agency Law. In *Bengal* we also stated that when the adjudicating body does not provide, by a rule or otherwise, a time limit within which briefs must be submitted, that absent "such a procedure, in order for the right to file a brief to be meaningful, the record must show that the appellant had been notified that the Board was in a position and was about to make its decision without a brief from appellant." 2 Pa. Commonwealth Ct. at 350-351, 279 A. 2d at 376.

The Commonwealth would distinguish the *Bengal* case on two grounds. First, the appellant in *Bengal* had requested that he be notified when the testimony

was transcribed and filed, whereas Sharp did not. Second, in *Bengal,* not all members of the Board in question were present at the hearing, making the submission of briefs the only means available to the appellant to present his case before the entire deciding body, whereas here the hearing officer prepared the adjudication which was approved by the Secretary in his Order.

We agree with the Commonwealth that the *Bengal* case presents a distinguishable fact situation. Here Sharp made no request whatsoever at the hearing.

Recently in the case of *Klink v. Unemployment Compensation Board of Review,* 5 Pa. Commonwealth Ct. 62, 289 A. 2d 494 (1972), this Court passed upon the same question; and there we held that the claimant must make a request at the hearing indicating his desire to file a brief. In *Klink,* we quoted a passage from *Davidson Unemployment Compensation Case,* 189 Pa. Superior Ct. 543, 151 A. 2d 870 (1959), which is worth repeating here: "In our judgment, however, the opportunity to be heard by the board does not necessitate the automatic listing of every case for argument. Considering the great volume of appeals coming before the board each year, it would be burdensome and impractical to automatically schedule each for argument. The resulting delays would be unwarranted and without justification. Due process requires the opportunity to be heard; we believe that this is satisfied when argument is granted upon request. There is nothing appearing in this record to show that claimant requested and was refused the opportunity to be heard before the board. If claimant had asked for an argument and had been refused, she might have some basis for complaint. In the absence of such request, we cannot say that the opportunity was denied her." 189 Pa. Superior Ct. at 550, 151 A. 2d at 874.

In passing, we once again recommend, as we did in *Bengal,* that the regulatory agencies in this Common-

wealth promptly adopt and publish procedural rules as has been suggested by the Legislature. *See* 1 Pennsylvania Code, §§31.1, et seq.

In summary, we hold that in view of the fact that Sharp did not request to file a brief, nor indicate any such desire even by intimation, (nor is there any inference that the Department refused to grant Sharp such an opportunity) Sharp was not denied his statutory or constitutional rights. Furthermore, there is nothing in this record nor in Sharp's brief filed in this appeal which would change the adjudication on the merits, even if a remand was ordered permitting the filing of a brief with the Department. Therefore, we affirm the order of the Department of Public Welfare, dated April 17, 1972. However, we must remand the matter back to the Department for the purpose of extending the date of the "cease and desist" order. Therefore, we

### ORDER

AND NOW, this 1st day of March, 1973, based upon the above, it is hereby ordered that this case be remanded to the Department of Public Welfare for the purpose of issuing a new order extending the time for Dr. H. David Sharp, t/d/b/a Sharp's Convalescent Home to cease and desist the operation of said convalescent home within thirty days of the date of the Department's new order. Costs to be paid by the appellant herein.