Ellwood City Area School District, Appellant, v. Secretary of Education, Appellee, and George R. Reese, Jr., Intervening Appellee.

Argued June 5, 1973, before President Judge Bow-
MAN and Judges CRUMLISH, JR., KRAMER, WILKINSON,
JR., MENCER, ROGERS and BLATT.

*William F. Kershner,* with him *John E. Krampf,
Morgan, Lewis & Bockius, Phillip E. Morris,* and *Mor-
ris & McKim,* for appellant.

*Edward A. Miller,* Assistant Attorney General, for
appellee.

*Ronald N. Watzman,* with him *Watzman, Levenson
and Snyder,* for intervening appellee.

*James F. Wildeman,* with him *Francis A. Zulli* and
*James L. Crawford,* Assistant Attorneys General, for
amicus curiae, Pennsylvania Labor Relations Board.

OPINION BY JUDGE WILKINSON, August 3, 1973:
The question before the court, as accurately stated
by appellant, is: "Does membership in various teachers'
organizations, national, state and local render a first
level supervisor incompetent under the tenure laws, for
the reason that such membership precludes him from
performing all of the duties that otherwise he would be

expected to perform?" This question was answered in the affirmative by the appellant School District which, after notice and hearing, dismissed intervening appellee, George R. Reese, Jr., from his position as Assistant High School Principal. Prior to being promoted to this position in August 1971, intervening appellee Reese had been a tenured high school teacher in appellant School District.

The Secretary of Education, on appeal, reversed the School District and ordered it to reinstate intervening appellee Reese forthwith without loss of pay. This appeal followed. We must affirm the Secretary.

The charges upon which intervening appellee Reese was dismissed were incompetence and negligence based entirely on the fact that he was a member of employe organizations which, the School District concluded, made him ineligible to handle grievances or to otherwise perform duties properly assignable to an Assistant High School Principal.

The issue before us is entirely one of law. There is no dispute on the facts. There was only one witness who testified at the hearing before the School District. He was the Superintendent of Schools of the School District. He testified that intervening appellee Reese had never received an unsatisfactory rating for his work as Assistant High School Principal. The record shows that it was known to the School District at and prior to the time he was promoted to Assistant High School Principal that intervening appellee Reese was a member of these associations. It was clear that the School District disapproved of his membership, but it is equally clear that it never asked him to resign and equally clear that he never said that he would. How failing to resign under such circumstances could be construed as negligence is beyond our comprehension and is not seriously pressed in the arguments or briefs.

Appellant argues very convincingly that being a member of an employe association that is bargaining with the employer is inconsistent and incompatible with being a first level supervisor who handles confidential files, and who should be available to the employer to handle grievances and give advice on collective bargaining with the employe association. Persuasive and convincing as these arguments may be, they must be made to the Legislature and not to this Court. The Legislature, in Section 704 of the Public Employe Relations Act, Act of July 23, 1970, P. L. 563, 43 P.S. §1101.704, made specific provision for first level supervisors to be members of employe associations that are bargaining with the employer, albeit not in the same unit of the employe association that is bargaining. Section 704, 43 P.S. §1101.704, provides: "Public employers shall not be required to bargain with units of first level supervisors *or their representatives,* but shall be required to meet and discuss with first level supervisors *or their representatives* on matters deemed to be bargainable for other public employes covered by this act." (Emphasis supplied.)

It is clear that the Legislature was at least conscious that when it permitted first level supervisors to be members of employe organizations that were bargaining collectively, a special status would have to be created. Therefore, in Section 604(5), 43 P.S. §1101.604(5), it provided: "Not permit employes at the first level of supervision to be included with other units of public employes, but shall permit them to form their own separate homogenous units. In determining supervisory status, the Board may take into consideration the extent to which supervisory and non-supervisory functions are performed." It is agreed by all parties that intervening appellee Reese, as Assistant High School Principal, was a first level supervisor. It is not ar-

gued, nor was any testimony presented by appellant, that he was a member of a bargaining unit with the teachers.

Finally, in Section 1801, 43 P.S. §1101.1801, the Legislature expressly dealt with the situation alleged to exist here:

"§1101.1801    Conflict of interest

"(a)    No person who is a member of the same local, State, national or international organization as the employe organization with which the public employer is bargaining or who has an interest in the outcome of such bargaining which interest is in conflict with the interest of the public employer, shall participate on behalf of the public employer in the collective bargaining processes with the proviso that such person may, where entitled, vote on the ratification of an agreement.

"(b)    Any person who violates subsection (a) of this section shall be immediately removed by the public employer from his role, if any, in the collective bargaining negotiations or in any matter in connection with such negotiations."

Much of the argument of the parties and much of the Secretary of Education's opinion are devoted to discussing whether handling grievances is part of the collective bargaining process. Whether it is or is not is not controlling in this case, and we do not decide the question. If it is, the Act simply provides how the conflict of interest is to be resolved, i.e., the first-level supervisor is to be removed from the collective bargaining *or any other matter* in connection with the negotiations. That this is practical is quite apparent in this case. Intervening appellee Reese has not been asked to handle grievances that have arisen, nor has another Assistant High School Principal who was not a member of the employe associations. Neither of these two first-level supervisors has been asked to otherwise participate in the collective bargaining process.

Perhaps the Legislature, when it provided removal from the collective bargaining process as the limited remedy for conflict of interest, had in mind the apparent inequality that would be created here if intervening appellee Reese's dismissal were allowed to stand. He would have been dismissed for incompetence for not performing duties which were not in his job description and which he was never requested to perform; whereas a fellow Assistant High School Principal in the same School District, in exactly the same situation in every respect except for his membership in the employe organization, who did not perform any more services than he did, is retained.

Accordingly, we enter the following

### Order

Now, August 3, 1973, the order of the Secretary of Education, dated January 4, 1973, sustaining the appeal of George R. Reese (Jr.), and directing the Board of School Directors of the Ellwood City Area School District to reinstate him without loss of pay, is affirmed.

President Judge BOWMAN dissents.