Pennsylvania Labor Relations Board, Appellant, and Eastern Lancaster County Education Association, Intervening Appellant, v. Eastern Lancaster County School District, Appellee.

Argued December 5, 1973, before Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT. President Judge BOWMAN did not participate.

*James L. Crawford,* Assistant Attorney General, with him *James F. Wildeman,* Assistant Attorney General, and *Francis A. Zulli,* Assistant Attorney General, for appellant.

*Clarence C. Morrison,* for intervening appellant.

*John Paul Kershner,* with him *Martha A. Baum* and *Barley, Snyder, Cooper & Mueller,* for appellee.

*Jerome T. Foerster,* with him *William Fearen* and *Cleckner & Fearen,* for amicus curiae, Pennsylvania School Boards Association.

OPINION BY JUDGE WILKINSON, January 3, 1974:

Sometime after May 25, 1972, the Eastern Lancaster County School District sent to each of its department

heads a letter containing notice that continuation as a department head precluded membership in the Eastern Lancaster County Education Association (ELCEA), the exclusive bargaining representative of the professional employees of the School District. Each department head was given a choice of ceasing membership in the ELCEA or resigning as a department head. ELCEA filed a charge of unfair practices with the Pennsylvania Labor Relations Board, which found that the School District had engaged in an unfair practice and further decided that department heads, as first level supervisors, may continue as department heads and may also retain their membership in ELCEA. The School District appealed to the Court of Common Pleas of Lancaster County, which set aside the order of the Board and ruled that department heads, in hearing grievances, are engaged in the collective bargaining process, and that their membership in ELCEA is prohibited by Section 1801 of the Public Employe Relations Act, Act of July 23, 1970, P. L. 563, 43 P.S. §1101.1801. This appeal followed. We must reverse the lower court.

There is no dispute of fact. The School District and ELCEA filed, in lieu of a hearing, a six-point stipulation of facts: department heads are supervisors as defined in Section 301(6) of the Act, 43 P.S. §1101.301 (6) ; the parties entered into a contract which contains a grievance procedure whereby Level I is discussion of a grievance with the immediate supervisor, i.e., the department head; the School District sent to each department head the aforementioned letter; all department heads chose to continue as department heads; some department heads withdrew from ELCEA as a result of the letter; and failure to belong to ELCEA operates to prevent membership in the Pennsylvania State Education Association and the National Education Association.

The facts and issues here are strikingly similar to those in *Ellwood City Area School District v. Secretary of Education,* 9 Pa. Commonwealth Ct. 477, 308 A. 2d 635 (1973), wherein an assistant principal was dismissed by the School District because of his membership in the employe organization. The appellant in *Ellwood City* and the appellee here argue: "that being a member of an employe association that is bargaining with the employer is inconsistent and incompatible with being a first level supervisor who handles confidential files, and who should be available to the employer to handle grievances and give advice on collective bargaining with the employe association." 9 Pa. Commonwealth Ct. 477, 480, 308 A. 2d 635, 636 (1973). The answer to appellant's argument in *Ellwood City* is also the answer to appellee's argument here.

"Persuasive and convincing as these arguments may be, they must be made to the Legislature and not to this Court. The Legislature, in Section 704 of the Public Employe Relations Act, Act of July 23, 1970, P. L. 563, 43 P.S. §1101.704, made specific provisions for first level supervisors to be members of employe associations that are bargaining with the employer, albeit not in the same unit of the employe association that is bargaining." 9 Pa. Commonwealth Ct. 477, 480, 308 A. 2d 635, 636 (1973).

The special status of first level supervisors was further recognized in Section 604(5) of the Act, 43 P.S. §1101.604(5): "[T]he Board shall . . . [n]ot permit employes at the first level of supervision to be included with any other units of public employes but shall permit them to form their *own separate homogenous units.*"

The narrow issue involved here is whether the School District engaged in an unfair practice in requiring department heads to choose between remaining as department heads *or* retaining their membership in the employe associations. In light of Sections 604(5) and 704,

there can be no doubt that department heads, as first level supervisors, may be members of employe associations, albeit not in the same unit that is bargaining. The School District's letter constitutes an attempt to interfere with the department heads in the exercise of their rights and is, therefore, an unfair practice under Article XII of the Act, 43 P.S. §1101.1201.

The School District asserts that the aforementioned letter was predicated upon its reading of Section 1801 of the Act, 43 P.S. §1101.1801, which provides:

"§1101.1801  Conflict of interest

"(a)  No person who is a member of the same local, State, national or international organization as the employe organization with which the public employer is bargaining or who has an interest in the outcome of such bargaining which interest is in conflict with the interest of the public employer, shall participate on behalf of the public employer in the collective bargaining processes with the proviso that such person may, where entitled, vote on the ratification of an agreement.

"(b)  Any person who violates subsection (a) of this section *shall be immediately removed by the public employer from his role, if any, in the collective bargaining negotiations or in any matter in connection with such negotiations.*"

As in *Ellwood City,* much of the argument of the parties is devoted to discussing whether handling grievances is part of the collective bargaining process. As we noted in *Ellwood City,* "[w]hether it is or is not is not controlling in this case, and we do not decide the question. If it is, the Act simply provides how the conflict of interest is to be resolved, i.e., the first level supervisor is to be removed from the collective bargaining *or any other matter* in connection with the negotiations." (Emphasis in original.) 9 Pa. Commonwealth Ct. 477, 481, 308 A. 2d 635, 637 (1973).

The action of the School District in requiring the department heads to make the aforementioned choice exceeded, in the same manner as the dismissal in *Ellwood City*, the sanctions provided by Section 1801(b) of the Act.

Reversed.