**Pennsylvania Labor Relations Board v. Salisbury Township Teachers' Education Association**

*James L. Crawford, Assistant Attorney General*, for Pennsylvania Labor Relations Board.
*Harry P. Creveling*, for appellant.
*Joseph L. Rosenfeld*, for intervenor.

DAVISON, *J.*, October 29, 1974—The narrow question presented here is whether the Salisbury Township Board of Education ("school district") committed an unfair practice contrary to the provisions of the Public Employe Relations Act ("act") of July 23, 1970, P.L. 563 (No. 195), art. I, sec. 101, 43 PS §§1101.101, et seq., by requiring Edward J. Seitz ("Seitz"), a department head, to choose between remaining such *or* retaining his membership in the rank and file Salisbury Township Teachers' Education Association ("employe organization").

This proceeding arises out of a charge of unfair practices filed with the Pennsylvania Labor Relations Board ("PLRB") by the employe organization. Following a hearing, the PLRB handed down a nisi decision and order on August 27, 1973, to which the school district filed exceptions. It now comes before us on appeal by the school district from the final order of the PLRB entered on February 13, 1974. The PLRB found that Seitz was informed by the school district's representative that he must disaffiliate himself from the employe organization in order to retain his position as a department head, that he nonetheless retained his membership and concluded that his subsequent discharge as department chairman due to his continued membership in the employe organization constituted an unfair practice in violation of the act.

Our scope of review is set forth in section 1502 of the act, wherein it is provided that the board's findings of fact where supported by substantial and

legally credible evidence, shall be deemed conclusive. "Substantial evidence" has recently been defined in Parago v. Dept. of Public Welfare, 6 Pa. Commonwealth Ct. 16, 291 A. 2d 923 (1972), to be such relevant evidence, "as a reasonable mind can accept as adequate to support a conclusion."

That the school district terminated Seitz's position as department head because of his continued membership in the employe organization has not been seriously disputed. The record reveals that the PLRB proceeded on the basis that Seitz's status as a department head made him a "first-level supervisor" under section 301(19) of the act,[1] in effect viewing the facts in that respect most favorably to the school district, and for purposes of review, we shall do likewise.

The school district contends that while first-level supervisors may form their own separate homogenous units under sections 604(5) and 704 of the act, they are, as a matter of law, barred from belonging to the rank and file employe organization.

Counsel for the PLRB and the employe organization argue that public employes, including first-level supervisors, have the right under the act to join employe organizations and engage in permitted concerted activities; that there is no conflict per se for an employe to be a first-level supervisor as well as a member of a broad-based employe organization; and, that while a public employer may well establish certain legitimate criteria for those who wish to hold first-level supervisor positions, forcing them to refrain from membership in an employe

---

1. Defined to mean, "the lowest level at which an employe functions as a supervisor:" 43 PS §1101.301 (19).

organization is not permissible. It is further contended that, even though Seitz may have been designated as an alternate on the negotiating team for the employe organization,[2] he cannot be required to resign as a condition of employment for a first-level supervisor. The remedy, it is urged, would be for the school district to refuse to bargain with the employe organization until such time as he disassociates himself from the collective bargaining process.

Both the PLRB and the employe organization rely almost exclusively on the recent decision of the Commonwealth Court in Pennsylvania Labor Relations Board v. Eastern Lancaster County School District, 11 Pa. Commonwealth Ct. 482, 315 A. 2d 382 (decided January 3, 1974, allocatur denied May 13, 1974). Counsel for the school district, with equal vigor, argues that Eastern Lancaster School District actually supports his position and that, based upon that case and Ellwood City Area School District v. Secretary of Education, 9 Pa. Commonwealth Ct. 477, 308 A. 2d 635 (1973), the PLRB should be reversed.

Judge Wilkinson delivered the opinions of the Commonwealth Court in both Ellwood City and Eastern Lancaster. In Ellwood City, he defined the issue to be:

"'Does membership in various teachers' organizations, national, state and local render a first level supervisor incompetent under the tenure laws, for the reason that such membership precludes him from performing all of the duties that otherwise he would be expected to perform?'"

---

2. Although evidence in the form of a letter to substantiate such designation was rejected by the PLRB hearing examiner, we shall treat the record as though it had been admitted.

The court answered the question in the negative.

In Eastern Lancaster, the school district notified each of its department heads by letter that continuation as a department head precluded membership in the exclusive bargaining representative of the employe organization. Each department head was given a choice of ceasing membership or resigning as a department head. The employe organization filed a charge of unfair practices with the PLRB which concluded that the school district had engaged in an unfair practice and ruled that department heads constitute first-level supervisors, may continue as department heads and at the same time retain their membership in the employe organization. The Court of Common ·Pleas of Lancaster County set aside the order of the PLRB. The Commonwealth Court reversed. Noting the similarity to Ellwood City, Judge Wilkinson ruled:

"The narrow issue involved here is whether the School District engaged in an unfair practice in requiring department heads to choose between remaining as department heads *or* retaining their membership in the employe associations. *In light of Sections 604(5) and 704, there can be no doubt that department heads, as first level supervisors, may be members of employe associations, albeit not in the same unit that is bargaining.* The School District's letter constitutes an attempt to interfere with the department heads in the exercise of their rights and is, therefore, an unfair practice under Article XII of the Act, 43 P.S. §1101.1201." (Emphasis added.)

The school district in Ellwood City, as in Eastern Lancaster, as well as the case at bar, urged that:

". . . being a member of an employe association

that is bargaining with the employer is inconsistent and incompatible with being a first-level supervisor who handles confidential files, and who should be available to the employer to handle grievances and give advice on collective bargaining with the employe association."

In response thereto, Judge Wilkinson observed that:

"Persuasive and convincing as these arguments may be, they must be made to the Legislature and not to this Court."

While the school district correctly points out that neither Eastern Lancaster nor Ellwood City involved situations where, at the time in question, the employe organization of which the first-level supervisor was a member, was engaged in bargaining with the school district, we perceive the clear intent of those decisions to characterize as an unfair practice those situations where, as in the instant case, the school district requires an employe to choose between remaining a department head or retaining his employe association membership. Admittedly, the school district's argument, on the record presented, is engaging;[3] however, in any event, we are bound by the controlling appellate decisions. As the PLRB and the Commonwealth Court recognized, section 1801 of the act purports to afford some, if albeit sterile, relief by requiring any person in a conflict of interest situation to be removed from his role, if any, in the collective bargaining process. For the school district to refuse to bargain until the employe disassociates himself from the negotiations, as the employe organization

---

3. Indeed, that portion of Ellwood City italicized above, if only instantaneously, seemingly signaled a contrary conclusion.

contends here, appears a considerably more illusory than practical remedy.

We hold that although public employers are permitted to establish certain criteria for those deemed first-level supervisors, they may not compel such employes to refrain from affiliation in an employe organization, nor may they, ipso facto, relieve them of their supervisory positions. Such action exceeds the sanctions provided by the act. Further efforts to secure relief must be addressed to the legislature: see Ellwood City, supra.

We must therefore dismiss the appeal.

### ORDER

Now, September 18, 1974, after argument, it is ordered that the appeal of the Salisbury Township Board of Education from the decision of the Pennsylvania Labor Relations Board be and the same is hereby dismissed.