Springfield School District, Appellant, *v.* Paul J. Shellem, Appellee.
Paul J. Shellem, Appellant, *v.* Springfield School District, Appellee.

Argued October 9, 1974, before President Judge Bowman and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Mencer, Rogers and Blatt.

*D. Barry Gibbons,* with him *Gibbons, Buckley and Smith,* for Springfield School District.

*Joseph L. Monte, Jr.,* with him *Eckell, Sparks, Vadino, Auerback and Monte,* for Paul J. Shellem.

OPINION BY JUDGE KRAMER, November 26, 1974:

This matter involves cross appeals, consolidated for determination, from an order of the Court of Common Pleas of Delaware County, dated January 29, 1974 ordering that the appeal of Paul J. Shellem (Shellem) to that court from an adjudication of the Springfield School District (School District) be heard de novo before the court below.

In September 1969 the School District engaged Shellem as a "long-term substitute" to teach mathematics for the school year 1969-70 at a salary of $7,170. No written contract was executed between the parties but, as a condition of employment, Shellem was to obtain teaching credits by attendance at a college which would certify his enrollment. The School District agreed to reimburse Shellem for one-half the tuition cost upon completion of the credits. Shellem soon encountered difficulties with the school administration and in December 1969 his teaching performance was rated as "unsatisfactory." On January 21, 1970 Shellem was notified that he should resign or face dismissal. Shellem requested a hearing but he was informed by the School District that the charges and proof against him would be presented at a private meeting and that he would not be permitted to bring witnesses or an attorney. The private meeting was held on January 29, 1970 and Shellem was dismissed shortly thereafter. Shellem filed an action in mandamus to compel his reinstatement as a teacher and to recover money damages for the breach of his contract of employment. In the mandamus action the

lower court held that Shellem had not been provided a hearing pursuant to section 514 of the Public School Code of 1949, Act of March 10, 1949, P. L. 30, *as amended*, 24 P.S. §5-514, and ordered that Shellem be reinstated to his job and reimbursed for unpaid salary and tuition costs. On appeal this Court agreed that Shellem was entitled to a hearing. We also held that the lower court erred by reinstating Shellem and that proper procedure required that the case be remanded back to the School District for the purpose of holding the hearing to which Shellem was entitled.[1]

As a result of the order of this Court, the School District by letter dated March 2, 1973, notified Shellem and his counsel that a hearing would be held on March 12, 1973. The notice also set forth eight specific reasons or specifications for Shellem's dismissal, all of which were generally referred to as "neglect of duty."[2] A hearing was held before the entire Board of School Directors and a complete transcript of the proceedings was taken and prepared by a court reporter. After

---

[1] *See Shellem v. Springfield School District*, 6 Pa. Commonwealth Ct. 515, 297 A. 2d 182 (1972).

[2] The eight reasons are as follows:

"(1) Consistent tardiness for class, even after requests from the School Administration to be prompt.

"(2) Failure to give homework assignments to students, even after requests by his supervisors to do so.

"(3) Failure to maintain a current rollbook, even after requests by his supervisors to do so.

"(4) Failure to prepare lesson plans, even after requests by his supervisors to do so.

"(5) Failure to report and record student tardiness, as required by the administration of the school.

"(6) Failure to conduct tests and examinations on the days specified by the School Administartion.

"(7) Failure to maintain order in the classroom, even after requests by his supervisors to do so.

"(8) Failure to properly carry out his hall duties, even after requests by the School Administration to do so."

the hearing, the Board issued its adjudication in which it discussed each of the eight charges in some detail, and in which it concluded that Shellem's conduct amounted to "gross neglect of duty." The adjudication ordered that Shellem "be dismissed from employment as of the date of his severance in January of 1970."

Shellem then took a timely appeal to the court below in which he argued, in the alternative, (1) that the court should reverse because there was not substantial evidence in the record to support the School District's action or (2) that the court should grant a hearing de novo because he had not received a fair and impartial hearing mandated by the due process laws of the Constitution. After argument and without receiving any additional evidence or testimony, the lower court ordered that "the appeal of plaintiff [Shellem] be heard de novo by the court."

Both parties filed an appeal with this Court. Shellem here argues, in the alternative, (1) that the lower court had the power to order a hearing de novo and (2) that the School District failed to meet its burden of proof with substantial evidence, and therefore, we should reverse the School District's adjudication, order Shellem's reinstatement for the balance of the school year 1969-70, and order reimbursement for his salary and certain tuition expenses. The School District urges us to find that the court below was without power to order a hearing de novo and that the court below erred in failing to affirm the adjudication.

Both parties agree that the appeal taken to the court below was subject to the Local Agency Law, 53 P.S. §11301 et seq. Section 7 of the Local Agency Law, 53 P.S. §11307, clearly provides for such an appeal.[3]

---

[3] Shellem was not a professional employe under the Public School Code, 24 P.S. §11-1101 et seq. and therefore his right to appeal is under the Local Agency Law, 53 P.S. §11301 et seq. rather than the Public School Code. *See LaPorta v. Bucks County*

Section 8 of the Local Agency Law, 53 P.S. §11308, sets forth the scope of review of the court below. It states:

"(a) In the event a full and complete record of the proceedings before the local agency *was not* made, the court may hear the appeal de novo, or may remand the proceedings to local agency for the purpose of making a full and complete record or for further disposition in accordance with the order of the court.

"(b) In the event a full and complete record of the proceedings before the local agency *was* made, the court to which the appeal is taken shall hear the appeal without a jury on the record certified by the local agency. After hearing, the court shall affirm the adjudication unless it shall find that the same is in violation of the constitutional rights of the appellant, or is not in accordance with law, or that the provisions of this act have been violated in the proceeding before the agency, or that any finding of fact made by the local agency and necessary to support its adjudication is not supported by substantial evidence. If the adjudication is not affirmed, the court may set it aside or modify it, in whole, or in part, or may remand the proceeding to the local agency for further disposition in accordance with the order of the court." (Emphasis added.)

The lower court concluded that the record in this case is not a "full and complete record of the proceedings before the local agency" and, therefore, ordered a de novo hearing in accord with section 8(a), quoted above. In *Sharp's Convalescent Home v. Department of Public Welfare,* 7 Pa. Commonwealth Ct. 623, 628, 300 A. 2d 909, 911 (1973), we stated that:

*Public Schools Intermediate Unit No. 22,* 15 Pa. Commonwealth Ct. 566, 327 A. 2d 655 (1974), *Smethport Area School District v. Bowers,* 219 Pa. Superior Ct. 269, 280 A. 2d 632 (1971).

"The crucial aspect on appeal is whether there is a complete and accurate record of the testimony taken so that the appellant is given a base upon which he may appeal, and also, that the appellate court is given a sufficient record upon which to rule on the questions presented." We have carefully reviewed the record in this case and we conclude that it satisfies the criteria quoted above and that it is a "full and complete record of the proceedings before the local agency." Therefore the proper scope of review for the court below is set forth in section 8(b) of the Local Agency Law, 53 P.S. §11308(b), and the court below erred when it ordered a hearing de novo.

In reaching its decision to order a hearing de novo, the lower court relied primarily upon the presence in the record of hearsay evidence and evidence not related to the eight specific charges. Under the provisions of the various statutes applicable to this case, the scope of review of the court of common pleas is limited. The right to dismiss Shellem for "neglect of duty" is specifically delegated to the School District by statute. See section 514 of the Public School Code, 24 P.S. §5-514. The type of dismissal involved in this case is not to be litigated de novo in the courts, except as specifically provided in section 8(a) of the Local Agency Law, 53 P.S. §11308(a). Even if the lower court, on an appeal under the Local Agency Law, 53 P.S. §11301 et seq., determines the existence of a violation of a constitutional right, or an abuse of discretion, or an error of law, where there is a full and complete record, that court can only set aside or modify the order of the local agency or remand the case. The determination by the court of errors in the record does not mean necessarily that the record is not full and complete. We can find no legislative intent that a court of common pleas in a case such as this should substitute its judgment for that of the local agency.

It would be hard indeed to find a record made before a school board operated by nonlawyers, as most of them are, in which a judge of a court of common pleas could not find some error made in the technical rules of evidence. That being so, if we were to uphold the lower court in this case, then any judge on appeal in such a case could hold a hearing de novo, merely because he did not like the manner in which the record was made. This, the Legislature never intended.

We recognize that it is initially the responsibility of the lower court to pass upon the adjudication of the School District, and that at this stage of the proceedings it is not for this Court to pass upon the merits of the case. We have, however, read the entire record carefully, and although we do not pass upon the merits in any final way, we note that at this time we would be hard-pressed to conjure up any basis for setting aside or modifying the School District's adjudication. It appears to us that all of the due process protections mandated by the constitutions and the statutes have been provided. Although there are undoubtedly several items of hearsay testimony in the record, we believe they are de minimis and do not invalidate the adjudication.[4] Some of the testimony and evidence may have touched upon matters outside the scope of the eight specific charges, but there appears to be sufficient remaining evidence to support those charges.

In summary then, we hold that under section 8(b) of the Local Agency Law, 53 P.S. §11308, the court was in error in ordering a hearing do novo and we must reverse. It quite naturally follows that we must dis-

---

[4] Section 5 of the Local Agency Law, 53 P.S. §11305, provides that: "Local agencies shall not be bound by technical rules of evidence at agency hearings, and all relevant evidence of reasonable probative value may be received. Reasonable examination and cross-examination shall be permitted."

314

miss the appeal of Shellem and uphold the appeal of the School District. In view of this, we

**ORDER**

AND Now this 26th day of November, 1974, based upon the above discussion, the order, dated January 29, 1974, of the Court of Common Pleas of Delaware County is hereby reversed and it is ordered that the above-captioned matter be remanded to that court for the purpose of a final determination under the provisions of section 8(b) of the Local Agency Law, Act of December 2, 1968, P. L. 1133, 53 P.S. §11308(b).