Yellow Cab Company of Philadelphia, Petitioner *v.* Pennsylvania Public Utility Commission, Respondent; Charlotte Mazzatenta t/a Philadelphia Cab, et al., Intervenors.

Yellow Cab Company of Philadelphia, Petitioner *v.* Pennsylvania Public Utility Commission, Respondent; John Ferrari, et al., Intervenors.

Charlotte Mazzatenta t/a Philadelphia Cab and Edward I. Sockel, et al., Petitioners *v.* Pennsylvania Public Utility Commission of the Commonwealth of Pennsylvania, Respondent; Yellow Cab Company of Philadelphia, Intervenor.

Submitted on briefs, August 9, 1977, to President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Mencer, Rogers and Blatt.

*Robert P. Garbarino,* with him *Kania and Garbarino,* and, of counsel, *John J. Cannon,* for petitioners.

*William T. Hawke,* Assistant Counsel, with him *Barnett Satinsky,* Chief Counsel, for respondent.

OPINION BY JUDGE MENCER, December 6, 1977:

Yellow Cab Company of Philadelphia (Yellow Cab) has petitioned this Court to review an order of the Pennsylvania Public Utility Commission (PUC). Concomitantly, Yellow Cab has applied for an order directing the PUC to supplement the record certified to this Court. We are currently concerned with this application.

Over four years ago, the PUC instituted an investigation into taxicab service in Philadelphia. Thereafter, all matters pending before the PUC which touched on the Philadelphia taxicab industry were consolidated, and numerous evidentiary hearings were

held. These hearings, which produced thousands of pages of testimony and exhibits, were finally completed in March of 1977. A Preliminary Opinion and Proposed Order was then recommended to the PUC by the Administrative Law Judge who had presided over the hearings.

On March 24, 1977 and March 31, 1977, the PUC held public meetings pursuant to Section 2 of the Act of July 19, 1974 (Sunshine Law), P.L. 486, *as amended,* 65 P.S. §262, for the purpose of taking formal action in the matter. Various occurrences at these meetings form the basis for Yellow Cab's attack on the PUC's order of March 31, 1977. In particular, Yellow Cab has raised the following issues: (1) whether a member of the PUC acted with such a lack of fairness and impartiality as to deny due process of law; (2) whether the PUC's counsel impermissibly commingled prosecutory and advisory functions in violation of Section 6.3 of the Public Utility Law, Act of March 31, 1937, P.L. 160, *as amended,* 66 P.S. §457.3; (3) whether members of the PUC engaged in *ex parte* communications prohibited by Section 7.5 of the Public Utility Law, added by the Act of October 7, 1976, P.L. 1075 §9, 66 P.S. §458.5; and (4) whether the PUC violated the Sunshine Law by interrupting a public meeting for the purpose of a prohibited executive session and by adopting formal action at other than a public meeting. To resolve these issues Yellow Cab has requested that tapes which were made of the meetings of March 24 and 31, and documents which were available to some participants of these meetings be certified to this Court.

Pa. R.A.P. 1951 states in pertinent part:

(a) Composition of the record. Where under the applicable law the questions raised by a petition for review may be determined by the

court in whole or in part upon the record before the government unit, such record shall consist of:

(1) The order or other determination of the government unit sought to be reviewed.

(2) The findings or report on which such order or other determination is based.

(3) The pleadings, evidence and proceedings before the government unit.

(b) Omissions from or misstatements of the record below. If anything material to any party is omitted from the record or is misstated therein, the parties may at any time supply the omission or correct the misstatement by stipulation, or the court may at any time direct that the omission or misstatement be corrected and, if necessary, that a supplemental record be prepared and filed.

This Court has previously stated that "[t]he crucial aspect on appeal is whether there is a complete and accurate record of the testimony taken so that the appellant is given a base upon which he may appeal, and also, that the appellate court is given a sufficient record upon which to rule on the questions presented."[1] We have therefore carefully reviewed the record as already certified to this Court in light of the issues raised.

Initially, we note that we have been asked to review an order of a government unit. We are not required, nor are we presently inclined, to simultaneously resolve factual issues concerning the Sunshine Law, the

---

[1] *Sharp's Convalescent Home v. Department of Public Welfare*, 7 Pa. Commonwealth Ct. 623, 628, 300 A.2d 909, 911 (1973) ; *accord Springfield School District v. Shellem*, 16 Pa. Commonwealth Ct. 306, 328 A.2d 535 (1974). These cases deal with appeals under the Local Agency Law, Act of December 2, 1968, P.L. 1133, *as amended*, 53 P.S. §11301 et seq.

enforcement of which is within this Court's original jurisdiction. Section 9 of the Sunshine Law, 65 P.S. §269.

However, the issue concerning a denial of due process by partial and unfair actions of a member of the PUC is properly postured, and we will take cognizance of it. *See Gaudenzia, Inc. v. Zoning Board of Adjustment*, 4 Pa. Commonwealth Ct. 355, 287 A.2d 698 (1972). Yellow Cab has requested that a certain motion and accompanying report by the staff of a member of the PUC, access to which was denied by the PUC, be certified to this Court for the purpose of demonstrating the Commissioner's partiality and reliance on material outside the evidentiary record. In this regard, we note that Section 7.6 of the Public Utility Law, added by the Act of October 7, 1976, P.L. 1075 §9, 66 P.S. §458.6, provides that a responsible employee of the PUC may recommend a decision to the PUC, that parties are entitled to submit exceptions, and that the recommended decision is a part of the record. In order to rule on the questions presented, we will require the motion and report to be certified to this Court.

Further, we hold that the record as already certified provides a sufficient basis upon which to rule on the remaining issues. Accordingly, we will require neither untranscribed tapes of the March meetings[2] nor a letter to the PUC from a participant in the proceedings[3] to be certified to this Court.

---

[2] Pa. R.A.P. 1922(b), regarding the record on appeal from a lower court, provides that untranscribed notes of testimony shall not be part of the record on appeal for any purpose.

[3] By definition, a prohibited *ex parte* communication is an off-the-record communication. Section 7.5(c) of the Public Utility Law. Furthermore, Yellow Cab has not alleged that an employee, appointee, commissioner, or official connected with the PUC *engaged* in prohibited communications.

### ORDER

AND Now, this 6th day of December, 1977, the Public Utility Commission is hereby directed to certify to this Court, as part of the record in the above-captioned matter, the memorandum and motion of Commissioner O'Bannon which was considered at the public meetings of March 24, 1977 and March 31, 1977.