Commonwealth of Pennsylvania, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Labor Relations Board, and The Pennsylvania Social Services Union and The Pennsylvania Employment Security Employees Association, SEIU, AFL-CIO, Respondents.

Argued December 6, 1978, before President Judge
BOWMAN and Judges WILKINSON, JR., MENCER, ROGERS,
BLATT, DISALLE and MACPHAIL. Judges CRUMLISH,
JR. and CRAIG did not participate.

*Michael H. Small,* with him *John D. Raup,* for pe-
titioner.

*Stephen A. Sheller* and *Larry J. Rapport,* with
them *Bruce M. Ludwig, James L. Crawford* and *Don-
ald A. Wallace,* for respondents.

OPINION BY PRESIDENT JUDGE BOWMAN, February
15, 1979:

Invoking the appellate jurisdiction of this Court,
the Commonwealth of Pennsylvania (Commonwealth)
seeks review of a final order of the Pennsylvania La-
bor Relations Board (Board) directing the Common-
wealth to cease and desist from certain unfair labor
practices prohibited by Section 1201(a), subsections
(1), (5) and (9) of the Public Employe Relations
Act, Act of July 23, 1970, P.L. 563, *as amended,* (here-
inafter Act 195), 43 P.S. §1101.1201(a)(1), (5) and
(9). The Pennsylvania Social Services Union and the
Pennsylvania Employment Security Employees' As-
sociation (hereinafter jointly Union), the charging
parties in the proceedings before the Board, inter-
vened in this appeal as a matter of right pursuant
to Pa. R.A.P. 1531(a).

The basis of the Union's charges is the Commonwealth's refusal to meet and discuss with those agents of the representative of a first level supervisors' unit who are also members of a rank and file bargaining unit or to bargain with agents of the representative of a rank and file bargaining unit who are also members of a first level supervisors' unit. It is the Commonwealth's position that such "cross-unit representation" is contrary to the provisions and intent of Act 195 and poses conflicts of interest for the Union's agents, especially in grievance proceedings. Relying on Sections 604(5) and 704, 43 P.S. §§1101.604(5), 1101.704, the Commonwealth stresses the status of first level supervisors as distinguished from that of rank and file employees and seeks an expansive interpretation of Section 1801. That Section, 43 P.S. §1101.1801, provides:

(a) No person who is a member of the same local, State, national or international organization as the employe organization with which the public employer is bargaining or who has an interest in the outcome of such bargaining which interest is in conflict with the interest of the public employer, shall participate on behalf of the public employer in the collective bargaining processes with the proviso that such person may, where entitled, vote on the ratification of an agreement.

(b) Any person who violates subsection (a) of this section shall be immediately removed by the public employer from his role, if any, in the collective bargaining negotiations or in any matter in connection with such negotiations.

Although agreeing with the Commonwealth in its nisi order, the Board reached a contrary conclusion in its final order. In the discussion accompanying the order, the Board noted:

[A]s a matter of statutory construction, it is clear that the legislature has provided for the resolution of conflicts of interests only where a member of the union participates on behalf of the employer.

The conflict in the instant case involves the reverse situation, i.e. participation by a union member on behalf of the employe organization. We construe the legislature's silence on this matter to mean that cross-unit representation is not prohibited under the Act [195].

The Board ordered the Commonwealth to meet and discuss and to bargain in good faith with the designated employee representative's agents.

We will affirm the Board's order.

The Commonwealth seeks a blanket prohibition of cross-unit representation, but the record of the administrative proceedings does not indicate that incompatible demands have been made on the employees whom the Union has designated as its agents for purposes of meet and discuss and collective bargaining. Two of the three employees who testified stated that at no time did they represent the Commonwealth in collective bargaining or any other aspect of labor relations and all stated there was no conflict between their positions as Union officials and Commonwealth employees. The Commonwealth presented no witnesses and was unable through cross-examination to identify any situations in which conflicts had arisen.

That a distinction is to be drawn between rank and file employees and first level supervisory personnel is made clear in Sections 604(5) and 704. The two groups are explicitly separated for purposes of establishing units and defining the negotiation relationship. However, this Court has previously refused to magnify this distinction so as to bar a first level supervisor's membership in an employee organization

which bargains on behalf of rank and file employees. *See Pennsylvania Labor Relations Board v. Eastern Lancaster County School District,* 11 Pa. Commonwealth Ct. 482, 315 A.2d 382 (1974) and *Ellwood City Area School District v. Secretary of Education,* 9 Pa. Commonwealth Ct. 477, 308 A.2d 635 (1973). Given the record in this case and the circumscribed scope of Section 1801, there is no basis upon which to accentuate this distinction and restrict employee choice of representative. Section 1801 identifies prohibited conflicts of interest and provides a remedy for situations in which one arises. The cross-unit representation opposed by the Commonwealth is not similarly forbidden. Therefore, the Board properly concluded that the Commonwealth committed an unfair labor practice when it refused to meet and discuss or to bargain with the designated agents of the Union.

ORDER

Now, February 15, 1979, the order of the Pennsylvania Labor Relations Board is affirmed.